Dariush G. Adli, Esq. (SBN: 204959)
  adli@adlilaw.com
Drew H. Sherman, Esq. (SBN: 237045)
  drew.sherman@adlilaw.com
ADLI LAW GROUP, P.C.
444 South Flower Street, Suite 3100
Los Angeles, California 90071
Telephone: 213-623-6546
Facsimile: 213-623-6554

Attorneys for Boost Beauty, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOOST BEAUTY, LLC, a California limited liability company,<br><br>   *Plaintiff*,<br><br>  v.<br><br>WOO SIGNATURES, LLC, a California limited liability company; TADEH BOOGHOSIANSSARDABI, an individual; FARSHID KARAMZAD GOFLSAZ, an individual; ARASH SEDIGHI, an individual; and DOES 1-10, inclusive,<br><br>   *Defendants*. | Case No.<br><br>**COMPLAINT FOR DAMAGES** |

*Sidebar:* ADLI LAW GROUP, P.C. — www.adlilaw.com — (213) 623-6546

2332.201

Plaintiff, Boost Beauty, LLC, ("Plaintiff") complains and alleges the following claims against Defendants, WOO SIGNATURES, LLC ("WS"), TADEH BOOGHOSIANSSARDABI ("TB"), FARSHID KARAMZAD GOFLSAZ ("FKG"), and ARASH SEDIGHI ("AS") (collectively "Defendants"):

## JURISDICTION AND VENUE

1.     This court has jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1367.

2.     Plaintiff is informed and believes, and thereon alleges that all Defendants are residents of California.

3.     Defendants' principal place of business is located in Los Angeles, CA.

4.     Venue is proper in the Court pursuant to 28 U.S.C. § 139(b) as this is the district where Defendants reside, as well as the district that was substantially affected by the Defendants' actions.

5.     Upon information and belief, each Defendant was the agent, servant, representative and/or employee of each of the other Defendants, and that in doing the things hereinafter alleged, each Defendant was acting within the course and scope of the Defendant's authority, with the permission, knowledge, consent and ratification of each of the other Defendants.

6.     Upon information and belief Defendants, and each of them, conspired and agreed among themselves to the acts complained of herein and were, in doing the acts complained of herein, acting pursuant to said conspiracy, and that each of the Defendants sued herein is jointly and severally responsible and liable to Plaintiff for the damages alleged herein.

## PARTIES

7.     Plaintiff is a California limited liability company with its principal place of business in Glendale, CA.

8.     WS is a California limited liability company with its principal place of business in Glendale, Los Angeles County, CA.

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

2332.201

9.      TB, KFG, and AS are the principals of WS, and are individuals all currently residing in Los Angeles County.

10.     Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, partnership, or otherwise of each of the Defendants sued herein as Does 1 through 10, inclusive, and therefore sues said Defendants by such fictitious names.  Such unnamed defendants include, but are not limited to:  (a) officers and/or directors who acted in concert with Defendants against Plaintiff; (b) other entities affiliated with Defendants that acted in concert with Defendants against Plaintiff; and (c) individuals or entities with whom Defendants acted in concert with Defendants against Plaintiff.  Plaintiff reserves the right to name such Does as discovery from Defendants reveal their identities.

11.     Plaintiff is informed and believes and thereon alleges that each of the Defendants named herein as a Doe was and is negligently, intentionally, or both negligently and intentionally responsible in some manner for the occurrences herein alleged, and the injuries and damages suffered by Plaintiff as herein alleged were the direct and proximate result of, and caused by the acts and omissions of the Defendants WS, TB, KFG, and AS, as applicable.

12.     Defendants TB, KFG, and AS including the applicable Doe Defendants, are alleged to be co-conspirators with each other, in that each agreed to participate and participated in the furtherance of the objective of a civil wrong as alleged in this Complaint.

13.     Defendant WS including the applicable Doe Defendants, are alleged to be co-conspirators with each other, in that each agreed to participate and participated in the furtherance of the objective of a civil wrong as alleged in this Complaint.

14.     Plaintiff is informed and believes and thereon alleges that each Defendant named in the two (2) different conspiracies mentioned in paragraphs 12 and 13 above, entered into a conspiracy and agreement with the other respective Defendants and/or subsequently joined said conspiracy and ratified the prior acts and

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

conduct of the Defendants who had previously entered into said conspiracy.  Plaintiff is currently unaware of when each respective Defendant joined said respective conspiracy and, upon information and belief, alleges that the respective Defendant joined said respective conspiracy and, upon information and belief, alleges that all respective Defendants have knowingly, maliciously, and willfully entered into said respective conspiracy, which continues until this day.  The purposes of these ongoing conspiracies include, but are not limited to, the wrongs alleged herein.  All respective Defendants' acts and failures to act as alleged herein were perpetrated in furtherance of the ongoing respective conspiracy to which they entered.

15.     Plaintiff is informed and believes and thereon alleges that, at all times material herein, Defendant WS was the agent, employee and/or working in concert with the other respective DOE Co-Defendants and was acting within the course and scope of such agency, employment and/or concerted activity.

16.     Plaintiff is informed and believes and thereon alleges that, at all times material herein, Defendants TB, KFG, and AS were the agents, employees and/or working in concert with the other respective DOE Co-Defendants and was acting within the course and scope of such agency, employment and/or concerted activity

17.     To the extent that certain acts and omissions were perpetrated by certain Defendants, the remaining respective Defendant or Defendants confirmed and ratified said acts and omissions, as applicable.

18.     Whenever and wherever reference is made in this Complaint to any act by a respective Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each other respective Defendant acting individually, jointly, and severally, as applicable.

19.     Whenever and wherever reference is made to individuals who are not named as Plaintiff or Defendants in this Complaint but were employees/agents of each other Defendant, such individuals acted on behalf of each Defendant within the scope of their employment.

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

2332.201

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

20.     At all times relevant, each respective Defendant was the employer, joint employer, and/or agent of each of the other respective Co-Defendants, as applicable.

21.     Plaintiff is informed and believes and thereon alleges that respective Defendants were associated or affiliated with one or more of the other respective DOE Defendants in connection with matters and conduct sued upon herein, as applicable. Plaintiffs allege that each respective Defendant was acting with one or more of the other respective DOE Defendants pursuant to a common scheme, course of action, enterprise or conspiracy and each respective Defendant is liable to Plaintiff for the events happenings and damages alleged herein, as applicable.

22.     Plaintiff is informed and believes, and thereon alleges that Defendants TB, KFG, and AS, and DOES 1 through 5 ("Individual Defendants") are, and at all relevant times herein were, owners of all or a controlling interest of WS, and DOES 6 through 10 ("Entity Defendants"), and that there existed between the Individual Defendants and Entity Defendants, and each of them, a unity of interest and ownership, such that any individuality or separateness of such Defendants never existed or has ceased, and that the Entity Defendant are the alter egos of the Individual Defendants, and each other.

23.     Plaintiff is informed and believes and thereon alleges that Individual Defendants dominated and controlled the business affairs of the Entity Defendants, and each of them.  As a result, adherence to the fiction of a separate existence between such Defendants would permit an abuse of the corporate privilege and would sanction fraud and promote injustice.

24.     Plaintiff is informed and believes and thereon alleges that the Court can pierce the corporate veil of the Entity Defendants and hold Individual Defendants individually liable because of the improper activities as follows:

        a.     failed to maintain or observe corporate formalities when they violated Corporate By Laws by refusing to hold proper Board of Director meetings and refused to hold Annual Shareholder Meetings;

4

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

b.     failed to maintain or observe corporate formalities when they prevented shareholders to regularly elect the Board of Directors in violation of the Corporate By Laws;

c.     failed to maintain or observe corporate formalities when they failed to keep minutes or file corporate tax returns;

d.     Individual Defendants commingled corporate fund with their personal funds;

e.     Individual Defendants used their residence as the Entity Defendants' business addresses; and

f.     Individual Defendants under-capitalized the Entity Defendants.

25.     Based upon the foregoing, Plaintiff is informed and believes, and thereon alleges that the Entity Defendants are the alter egos of the Individual Defendants and each other, therefore, Plaintiff may proceed against all such respective Defendants directly, as they are each liable jointly and severally for any and all damages suffered by Plaintiff.

26.     Whenever appearing in this Complaint, all references to "Defendant(s)" is intended to be, and shall be deemed, a reference to all such respective Defendants in this action, and each of them, named and unnamed, including all fictitiously named Defendants.

## **GENERAL ALLEGATIONS**

27.     In or around 2016, Plaintiff began a business procuring, advertising, and distributing, and selling an eye-lash enhancement product (the "Product"), called BoostLash (the "Mark"), that provided the consumer with eye-lash enhancement that had never been seen or experienced previously.

28.     The Product became a highly sought-after commodity as there was no product that could compete with the results it generated for the consumer while still only costing the consumer a relatively nominal amount of money.  Because of the low cost of the Product, it was accessible to consumers from all socio-economic classes.

29.     However, Plaintiff is informed and believes, and thereon alleges, that because of the low cost of the Product, the consumers of the product are generally not sophisticated shoppers exercising a high degree of care when shopping for the Product.

30.     Because of the universal access to all levels of wealth, the Product was in high demand and the Mark garnered notoriety as a source identifier for the Plaintiff.

31.     More importantly, Plaintiff is informed and believes, and thereon alleges, that consumers of the Product are familiar with the Mark, and now enter the Mark as a search term in search engines, such as Yahoo! Or Google, when looking for their next purchase of the Product.

32.     Plaintiff has invested a lot of money, time, and hard work in the venture and has achieved success in having the Mark.

33.     Plaintiff applied for and obtained a registration for trademark to "BoostLash" with the United State Patent and Trademark Office.

34.     Part of the time, money, and work the Plaintiff invested in the Product and the Mark went to creating advertisements with specific words and language in a specific order which, as the Plaintiff figured out, would facilitate more end users to its website and, ultimately, to purchase the Product.

35.     The value of the advertisements became so coveted that the Plaintiff has applied for copyright registrations in the advertisements with the U.S. Copyright Office in the Library of Congress.

36.     Plaintiff filled out and filed the application for one of its advertisements, paid the filing fee, and received an applications number for registration of copyright in March 2018.  The Plaintiff is waiting on the copyright office to confirm registration.

37.     As the success of the Product and the Mark became apparent, a principal of the Plaintiff, Yasha, happened to be living with AS, and had been for over five (5) years.  This was in or around Summer 2017.

38.     AS would regularly ask questions about the Plaintiff's business, the

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

business model, the strategies being employed, the Product, the Mark, the advertisements, and where to procure the Product.

39.     As the questions were the type that would reveal the innerworkings of Plaintiff's business, it was made to be understood to AS by Plaintiff's principal that the information being provided would remain confidential and only for the benefit of the Plaintiff, and that AS would not take such information to start his own competing business.   Plaintiff's principal let AS know that such an act would require an agreement between AS, and any parties working with him, and the Plaintiff.

40.     Plaintiff is informed and believes, and thereon alleges, that it was at that point that AS decided he, along with FKG and TB, would misappropriate the proprietary information being communicated to AS by Plaintiff's principal, in good faith as a curious roommate of over five years, by making the fraudulent representations that the information would remain confidential and not be used to start a competing business against Plaintiff.

41.     Plaintiff is informed and believes, and thereon alleges, that in November 2017, AS commenced taking actions exactly opposite of what he represented to Plaintiff's principal he would not do.

42.     Plaintiff is informed and believes, and thereon alleges, that in November 2017, the Defendants used the information AS nefariously acquired from Plaintiff and made a deal with the manufacturer of the Product so the Defendants could sell it under their own label, purchased the domain name for WooLash, copied the Plaintiff's advertisement (but ran the advertisement only outside of California in the hopes Plaintiff would not see it), and purchased the Google Adwords "Boost" and "Lash," and sold the exact same, but competing, product.

43.     Plaintiff is informed and believes, and thereon alleges that the Defendants' copied advertisements were non-descript in that an ordinary consumer of the Product would not be able to tell, unless investigating closely, that the advertisement did not belong to Plaintiff.

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

2332.201

44.     Plaintiff is informed and believes, and thereon alleges, that Defendants purposefully underhandedly gained information from Plaintiff, struck a deal with the manufacturer of the Product, called their product something similar to the Mark, used "Boost" and "Lash" for their Google Adwords, copied Plaintiff's advertisement, and made their advertisement non-descript so that when the consumer of the Product, who is unsophisticated regarding the Product because of the low price point, does a search for "BoostLash," intending to find Plaintiff's website, the context of the Defendants' uses, as described above, will confuse the consumer to believing Defendants are or are endorsed by Plaintiff so that the consumers purchase the product from the Defendants  and not the Plaintiff.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
### (Against All Defendants)

45.     All of the allegations contained within paragraphs 1 through 44 are hereby incorporated by reference as if fully set out herein.

46.     Plaintiff is the author of an advertisement that is subject to a copyright application submitted to the U.S. Copyright Office (the "CC Work") as a work made for hire.

47.     In or around March 2018, Plaintiff filed an application for registration for the CC Work, paid the application filing fee, and received a confirmation of the filing back from the Copyright Office.

48.     Plaintiff is informed and believes, and thereon alleges, that in November 2017, for a commercial purpose, Defendants knowingly, wrongfully and without permission copied word for word and used the CC Work for the purpose of confusing consumer into purchasing products from them.

49.     Without authorization, the Defendants used, republished, distributed and displayed to the public worldwide the CC Work on many different websites and search engines.

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

50.   Plaintiff is informed and believes, and thereon alleges, that Defendants used the CC Work with the pre-existing knowledge that such original expression was owned by Plaintiff.

51.   Plaintiff is informed and believes, and thereon alleges, that Defendants knew, or at least recklessly disregarded the likelihood, that their use of the CC Work constituted copyright infringement.

52.   Defendants' intentional infringing activities have continued and will continue to be the detriment of Plaintiff, and loss and injury to Plaintiff's business in an amount to be proved at trial, and threaten to increase such loss and injury, unless such activities are enjoined by this Court and Defendants are required to cease their unauthorized use of the CC Work.

53.   Plaintiff is without adequate remedy at law to prevent the continued unlawful acts of Defendants herein set forth, and said acts of Defendants have resulted and will result in irreparable damage to Plaintiff unless Defendants' acts of infringement are enjoined by this Court.

54.   By reason of the acts of Defendants alleged herein, Plaintiff has suffered actual damages in an amount to be proven at trial.

55.   Due to Defendants' acts as alleged above, Defendants have obtained profits, and AS, TB, and KFG have obtained distributions, they would not otherwise have realized but for their infringement of the CC Work.

56.   Pursuant to the Copyright Act, Plaintiff is entitled to its actual damages and disgorgement of Defendants' profits attributable to Defendants' infringement of the CC Work in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
## CONTRIBUTORY INFRINGEMENT
### (Against All Defendants)

57.   All of the allegations contained within paragraphs 1 through 56 above are hereby incorporated by reference as if fully set out herein.

58.     TB, AS, and FKG, and each of them, were aware that Defendants were infringing the CC Work by way of their position of control in Defendants.

59.     TB, AS, and FKG materially contributed to and induced Defendants' infringing activity by supplying the means and resources for the infringement and by directing the infringing activities of Defendants.

60.     By reason of the acts of TB, AS, and FKG alleged herein, Plaintiff has suffered actual damages in an amount to be proven at trial.

61.     Due to TB, AS, and FKG's acts as alleged above, Defendants has obtained profits it would not otherwise have realized but for its contribution to the infringing activities.

62.     Pursuant to the Copyright Act, Plaintiff is entitled to recovery of its actual damages and disgorgement of Defendants' profits attributable to TB, AS, and FKG 's contributions to the infringement of the designs in an amount to be proven at trial.

## THIRD CAUSE OF ACTION
## VICARIOUS INFRINGEMENT
### (Against All Defendants)

63.     All of the allegations contained within paragraphs 1 through 62 above are hereby incorporated by reference as if fully set out herein.

64.     TB, AS, and FKG, and each of them, controlled the Defendants' infringing activities by way of TB, AS, and FKG's position of control in Defendants.

65.     At any point TB, AS, and FKG could have stopped the infringing activities of Defendants by way of TB, AS, and FKG's position of control in Defendants.

66.     Due to TB, AS, and FKG's acts as alleged above, Defendants has obtained profits directly it would not otherwise have realized but for the infringing activities.

67.     By reason of the acts of TB, AS, and FKG alleged herein, Plaintiff has

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

2332.201

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1 | suffered actual damages in an amount to be proven at trial.

2 | 68.   Pursuant to the Copyright Act, Plaintiff is entitled to its actual damages

3 | and disgorgement of Defendants' profits attributable to TB, AS, and FKG's

4 | contributions to the infringement of the designs in an amount to be proven at trial.

5 | **FOURTH CAUSE OF ACTION**

6 | **INTENTIONAL FRAUD**

7 | **(Against AS)**

8 | 69.   All of the allegations contained within paragraphs 1 through 68 above

9 | are hereby incorporated by reference as if fully set out herein.

10 | 70.   As discussed, AS from his living situation as a roommate with Plaintiff's

11 | Principal, Yasha, he inquired about the success of Plaintiff's business and gained that

12 | information by representing to Yasha, Plaintiff's principal verbally in a face to face

13 | conversation in the Summer of 2017 that he would keep the information confidential

14 | and would not use it to start a competing business.

15 | 71.   Plaintiff is informed and believes, and thereon alleges, that AS always

16 | intended to use the information provided by Yasha, Plaintiff's principal, to start a

17 | competing business, and knew all along that his representations to Yasha were false.

18 | 72.   Plaintiff is informed and believes, and thereon alleges, that over the next

19 | few months, TB, AS, and FKG carried out the above-mentioned misappropriation.

20 | 73.   TB, AS, and FKG knew such representations were false and intended

21 | that Plaintiff rely upon them given their plan to misappropriate the information under

22 | the guise of an interested and loyal roommate.

23 | 74.   Plaintiff was unaware that the above-referenced representations were

24 | false, and Plaintiff could not, in the exercise of reasonable diligence, have discovered

25 | them.

26 | 75.   Given the very close relationship between and among roommates,

27 | Plaintiff reasonably relied on the above-referenced representations.

28 | 76.   It was only after Defendants were found to be copying the CC Work and

2332.201

1 TB, AS, and FKG were visiting Plaintiff's websites daily that Plaintiff became aware

2 of the deceit.

3      77.     As a direct and proximate cause of the above-referenced representations,

4 and   Plaintiff's   reasonable   reliance   thereon,   Plaintiff   was   harmed   by   the

5 misappropriation of the information.

6      78.     As a direct and proximate result of the misappropriation, Plaintiff has

7 been damaged in an amount to be proven at trial, but not less than $1,000,000.

8      79.     Plaintiff is informed and believes, and thereon alleges, that the aforesaid

9 conduct of Defendants was part of an act of intentional deceit with the intention and

10 effect of causing Plaintiff loss and injury, in conscious disregard of Plaintiff's rights

11 and interest, so as to justify an award of punitive damages.

## FIFTH CAUSE OF ACTION
## BREACH OF IMPLIED CONTRACT
### (Against All Defendants)

15      80.     All of the allegations contained within paragraphs 1 through 79 above

16 are hereby incorporated by reference as if fully set out herein.

17      81.     As set forth above, AS inquired of his roommate of over five years,

18 Yasha, a principal of Plaintiff, as to the inner-workings of Plaintiff and its success in

19 the market.

20      82.     Based upon the trust one acquires in a roommate of over five years,

21 Plaintiff's principal disclosed to AS the information being asked about.  However, as

22 an offer in order to provide the information, Plaintiff's principal made it clear to AS

23 that such information was confidential and proprietary, and the information could not

24 be used, by AS or any future partners, to start a business that would compete with

25 Plaintiff, or, otherwise, Plaintiff would have to be paid by AS, or his partners, for the

26 use of such information.

27      83.     Plaintiff is informed and believes, and thereon alleges, that AS accepted,

28 acknowledged, and agreed with the conditions for disclosure of the information.

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

2332.201

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

84.    Plaintiff's principal answered AS' questions and provided the information central to Plaintiff's success.

85.    Plaintiff is informed and believes, and thereon alleges that AS and his partners, TB and KFG, breached the agreement made with Plaintiff's principal and used the information provided to start a business that would directly compete with Plaintiff.

86.    Plaintiff has suffered damages in the form of lost income from the Defendants' breach, which is currently unknown but will be determined at trial.

## SIXTH CAUSE OF ACTION

## FEDERAL TRADEMARK INFRINGEMENT AND COUNTERFEITING

### (15 U.S.C. § 1114)

### (Against All Defendants)

87.    Plaintiff repeats and re-alleges the allegations of paragraphs 1 - 86 of this Complaint as if set forth fully herein.

88.    This is a claim for trademark infringement and counterfeiting arising under 15 U.S.C. § 1114.

89.    As set forth above Defendants have engaged in acts of direct infringement by the use of the Mark without Plaintiff's consent.

90.    As set forth above, Defendants, and each of them, are directly liable for the direct acts of infringement committed by them.

91.    Upon information and belief, long after Plaintiff's adoption and use of the Mark, Defendants have adopted and used in commerce identical or confusingly similar versions of the Mark without Plaintiff's consent in a manner that infringes upon Plaintiff's rights in the Mark in violation of 15 U.S.C. § 1114.

92.    Without Plaintiff's consent, Defendants used, and are using in commerce A mark that is confusingly similar to the Mark in connection with the promotion, marketing, advertising of their product in a manner which is likely to cause confusion, or to cause mistake, or to deceive.

2332.201

93.     Plaintiff is informed and believes, and thereon alleges, that Defendants did so with actual knowledge of Plaintiff's ownership and prior use of the Mark, and with the intent to unfairly compete with Plaintiff, to trade upon Plaintiff's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendants' product is associated with, sponsored by, originate from, or are approved by Plaintiff, when it is not.

94.     Plaintiff is informed and believes, and thereon alleges, that Defendants' activities constitute willful and intentional infringement and counterfeiting of the Mark, directly and/or indirectly, in total disregard of Plaintiff's proprietary rights, and were done despite Defendants' knowledge that the use of the Mark was and is in direct contravention of Plaintiff's rights.

95.     Plaintiff is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from the use of the Mark in an amount that is not presently known to Plaintiff. By reason of Defendants' actions, constituting unauthorized use of the Mark, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

96.     Due to Defendants' actions, constituting unauthorized use of the Mark, Plaintiff has suffered and continues to suffer great and irreparable injury, for which Plaintiff has no adequate remedy at law.

## SEVENTH CAUSE OF ACTION

## FEDERAL UNFAIR COMPETITION & FALSE DESIGNATION OF ORIGIN

### (15 U.S.C. § 1125(a))

### (Against All Defendants)

97.     Plaintiff repeats and re-alleges the allegations of paragraphs 1-96 of this Complaint as if set forth fully herein.

98.     This is a claim for unfair competition and false designation of origin

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

2332.201

1 | arising under 15 U.S.C. § 1125(a).

2 | 99.   As set forth above Defendants have engaged in acts of direct
3 | infringement by the use of the Mark without Plaintiff's consent.

4 | 100.   Defendants' direct and indirect use of the Mark without Plaintiff's
5 | consent constitutes a false designation of origin, false or misleading description of
6 | fact, or false or misleading representation of fact, which is likely to cause confusion,
7 | or to cause mistake, or to deceive as to the affiliation, connection, or association of
8 | such person with another person, or as to the origin, sponsorship, or approval of his
9 | or her goods or commercial activities by another person in violation of 15 U.S.C. §
10 | 1125(a).

11 | 101.   Defendants' direct and indirect use of the Mark without Plaintiff's
12 | consent constitutes a false designation of origin, false or misleading description of
13 | fact, or false or misleading representation of fact, which in commercial advertising or
14 | promotion, misrepresents the nature, characteristics, qualities, or geographic origin of
15 | his or her or another person's goods or commercial activities in violation of 15 U.S.C.
16 | § 1125(a).

17 | 102.   Such conduct by Defendants is likely to confuse, mislead, and deceive
18 | Defendants' subscribers, users, and members of the public as to the origin of
19 | Defendants' merchandise or cause said persons to believe that Defendants and/or their
20 | merchandise have been sponsored, approved, authorized, or licensed by Plaintiff or
21 | are in some way affiliated or connected with Plaintiff, when they are not, all in
22 | violation of 15 U.S.C. § 1125(a).

23 | 103.   Upon information and belief, Defendants' actions were undertaken
24 | willfully with full knowledge of the falsity of such designation of origin and false
25 | descriptions or representations.

26 | 104.   Plaintiff is informed and believes, and thereon alleges, that Defendants
27 | have derived and received, and will continue to derive and receive, gains, profits, and
28 | advantages from Defendants' false designation of origin, false or misleading

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

2332.201

statements, descriptions of fact, or false or misleading representations of fact in an amount that is not presently known to Plaintiff.

105.   By reason of Defendants' actions, constituting false designation of origin, false or misleading statements, false or misleading descriptions of fact, or false or misleading representations of fact, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

106.   Due to Defendants' actions, constituting false designation of origin, false or misleading statements, false or misleading description of fact, or false or misleading representations of fact, Plaintiff has suffered and continues to suffer great and irreparable injury, for which Plaintiff has no adequate remedy at law.

## EIGHTH CAUSE OF ACTION

## CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT

### (Against All Defendants)

107.   Plaintiff repeats and re-alleges the allegations of paragraphs 1-106 of this Complaint as if set forth fully herein.

108.   This is a claim for trademark infringement, arising under California common law.

109.   Defendants' acts complained of herein constitute trademark infringement under California common law. Plaintiff is informed and believes, and thereon alleges, that Defendants' acts complained of herein are willful and deliberate and committed with knowledge that Defendants' unauthorized use of the Mark causes a likelihood of confusion.

110.   Plaintiff is informed and believes, and thereon alleges, that Defendants have derived and received and will continue to derive and receive, gains, profits and advantages from Defendants' trademark infringement in an amount that is not presently known to Plaintiff. By reason of Defendants' wrongful acts as alleged in this Complaint, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

2332.201

111.   Due to Defendants' trademark infringement, Plaintiff has suffered and continues to suffer great and irreparable injury for which Plaintiff has no adequate remedy at law.

112.   Defendants' willful acts of trademark infringement under California common law constitute fraud, oppression, and malice. Accordingly, Plaintiff is entitled to exemplary damages.

<u>**NINTH CAUSE OF ACTION**</u>

<u>**CALIFORNIA UNFAIR COMPETITION**</u>

**(Against All Defendants)**

113.   Plaintiff repeats and re-alleges the allegations of paragraphs 1-112 of this Complaint as if set forth fully herein.

114.   This is a claim for unfair competition, arising under California Business & Professions Code § 17200, et seq. Defendants acts of trademark infringement, false designation of origin, complained of herein constitute unfair competition with Plaintiff under the statutory laws of the State of California.

115.   Plaintiff is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits and advantages from Defendants' unfair competition in an amount that is not presently known to Plaintiff. By reason of Defendants' wrongful acts as alleged in this Complaint, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

116.   By their actions, Defendants have injured and violated the rights of Plaintiff and have irreparably injured Plaintiff, and such irreparable injury will continue unless Defendants are enjoined by this Court.

/ / /

/ / /

/ / /

/ / /

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

## TENTH CAUSE OF ACTION

## TRADEMARK INFRINGEMENT BY IMITATING AND FALSE

## ADVERTISING

### (15 U.S.C. § 1114(a) and (b))

### (Against All Defendants)

117.  Plaintiff repeats and re-alleges the allegations of paragraphs 1-116 of this Complaint as if set forth fully herein.

118.  This is a claim for trademark infringement by imitating and false advertising arising under 15 U.S.C. § 1114(a) and (b).

119.  As set forth above Defendants have engaged in acts of direct infringement by the use of the Mark without Plaintiff's consent.

120.  As set forth above, Defendants, and each of them, are directly liable for the direct acts of infringement committed by them.

121.  Upon information and belief, long after Plaintiff's adoption and use of the Mark, Defendants have adopted and used in commerce a mark which is identical, closely resemble, or is substantially indistinguishable from the Mark without Plaintiff's consent in a manner that infringes upon Plaintiff's rights in the Mark in violation of 15 U.S.C. § 1114(a).

122.  Without Plaintiff's consent, Defendants used in commerce a mark which is identical, closely resemble, or is substantially indistinguishable from the Mark in connection with the promotion, marketing, advertising of their product in a manner which is likely to cause confusion, or to cause mistake, or to deceive.

123.  Plaintiff is informed and believes, and thereon alleges, that Defendants did so with actual knowledge of Plaintiff's ownership and prior use of the Mark, and with the intent to unfairly compete with Plaintiff, to trade upon Plaintiff's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendants' product is associated with, sponsored by, originate from, or are approved by Plaintiff, when it is not.

2332.201

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

124.   Plaintiff is informed and believes, and thereon alleges, that Defendants acted willfully and intentionally to infringe the Mark, directly and/or indirectly, in total disregard of Plaintiff's proprietary rights, and were done despite Defendants' knowledge that the use of the Mark was and is in direct contravention of Plaintiff's rights.

125.   Plaintiff is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from the use of the Mark in an amount that is not presently known to Plaintiff. By reason of Defendants' actions, constituting unauthorized use of the Mark, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

126.   Due to Defendants' actions, constituting unauthorized use of the Mark, Plaintiff has suffered and continues to suffer great and irreparable injury, for which Plaintiff has no adequate remedy at law.

## ELEVENTH CAUSE OF ACTION

## COMMON LAW UNFAIR COMPETITION & FALSE DESIGNATION OF ORIGIN; PALMING OR PASSING OFF

### (Against All Defendants)

127.   Plaintiff repeats and re-alleges the allegations of paragraphs 1-126 of this Complaint as if set forth fully herein.

128.   This is a claim for common law unfair competition and false designation of origin.

129.   As set forth above, Plaintiff is informed and believes, and thereon alleges that Defendants, and each of them, have used a mark which closely resemble and is substantially indistinguishable from the Mark without Plaintiff's consent.

130.   In fact, Plaintiff has received communications from its customers and members indicating that they were deceived and confused by the Defendants' use of a mark which closely resemble and is substantially indistinguishable from the Mark.

131.   Defendants' use of a mark which is identical, closely resemble, or is substantially indistinguishable from the Mark without Plaintiff's consent constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which has and is likely to further cause confusion, or to cause mistake, or to deceive as to the source of Defendants' product.

132.   Such conduct by Defendants has and is likely to further confuse, mislead, and deceive Plaintiff's and Defendants' subscribers, users, and members of the public as to the origin of Defendants' product or cause said persons to believe that Defendants and/or their product has been sponsored, approved, authorized, or licensed by Plaintiff or are in some way affiliated or connected with Plaintiff, when it is not.

133.   Upon information and belief, Defendants' actions were undertaken willfully with full knowledge of the falsity of such designation of origin and false descriptions or representations.

134.   Plaintiff is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendants' false designation of origin, false or misleading statements, descriptions of fact, or false or misleading representations of fact in an amount that is not presently known to Plaintiff.

135.   By reason of Defendants' actions, constituting false designation of origin, false or misleading statements, false or misleading descriptions of fact, or false or misleading representations of fact, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

136.   Due to Defendants' actions, constituting false designation of origin, false or misleading statements, false or misleading description of fact, or false or misleading representations of fact, Plaintiff has suffered and continues to suffer great and irreparable injury, for which Plaintiff has no adequate remedy at law. / / /

2332.201

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment and relief against Defendants as follows:

1.      For actual damages of not less than $1,000,000, plus interest according to proof at trial;

2.      For general and consequential damages of not less than $1,000,000, according to proof at trial;

3.      For attorney's fees pursuant to 15 U.S.C. § 1117;

4.      An injunction restraining and enjoining Defendants from the continued false and misleading advertising pursuant to 15 U.S.C. § 1116, infringement of Plaintiff's copyrights, and misappropriation Plaintiff's trade secrets;

5.      For costs of suit incurred herein;

6.      For an accounting;

7.      For the disgorgement of Defendants' profits, pursuant to 15 U.S.C. § 1117, and/or in the amount determined to be due from Defendants as a result of such accounting and interest thereon at the legal rate;

8.      For the imposition of constructive trust for all sums found due and owing to Plaintiff;

9.      For the appointment of a receiver to take possession of the constructive trust, and all books, reports, and records pertaining to the amounts owed to Plaintiff;

10.     For interest on amounts due and owing;

11.     For costs of suit incurred; and

12.     For such other relief the court deems proper.

ADLI LAW GROUP, P.C.

Dated: April 9, 2018

By:  */s/ Dariush G. Adli*

Dariush G. Adli, Esq.
Drew H. Sherman, Esq.
*Attorneys for Plaintiff*
*Boost Beauty, LLC*

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

2332.201

# **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a jury trial of any issues in this action so triable.


Respectfully Submitted,

ADLI LAW GROUP, P.C.

Dated: April 9, 2018          By:  */s/ Dariush G. Adli*
                                    Dariush G. Adli, Esq.
                                    Drew H. Sherman, Esq.
                                    *Attorneys for Plaintiff*
                                    *Boost Beauty, LLC*