| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-02960-CAS(Ex) | Date | October 15, 2018 |
| Title | BOOST BEAUTY, LLC. V. WOO SIGNATURES, LLC.; et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Dariush Adli | | Oscar Orozco-Botello |

**Proceedings:** DEFENDANT'S MOTION TO DISMISS (Dkt. 28, filed August 31, 2018)

## I. INTRODUCTION

On April 9, 2018, plaintiff Boost Beauty, LLC ("Boost Beauty") filed this action against defendants Woo Signatures, LLC ("Woo Signatures"), Tadeh Booghosianssardabi, Farshid Karamzad Goflsaz, Arash Sedighi, and Does 1 through 10 (collectively, "defendants"). Dkt. 1. On June 7, 2018, plaintiff filed a first amended complaint ("FAC"). Dkt 17. In response to defendants' motion to dismiss, the Court dismissed plaintiff's FAC, with leave to amend, on July 23, 2018. Dkt. 25 ("Order"). Subsequently, plaintiff filed a second amended complaint on August 17, 2018. Dkt. 26 ("SAC").

In its second amended complaint, plaintiff asserts the same eleven claims as in its initial complaint: (1) copyright infringement, in violation of the Copyright Act, 17 U.S.C. § 501 et seq.; (2) contributory copyright infringement; (3) vicarious copyright infringement; (4) intentional fraud, as against Sedighi; (5) breach of implied contract; (6) trademark infringement and counterfeiting in violation of the Lanham Act, 15 U.S.C. § 1114; (7) unfair competition and false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a); (8) trademark infringement under California common law; (9) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq.; (10) trademark infringement by imitating and false advertising, in violation of the Lanham Act, 15 U.S.C. §§ 1114(a)–(b); and (11) common law unfair competition and false designation of origin. SAC. In brief, the SAC alleges that defendants engaged in a scheme to gain access to plaintiff's confidential information and thereby replicate the beauty product that plaintiff produces, markets, and sells.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-02960-CAS(Ex) | Date | October 15, 2018 |
| Title | BOOST BEAUTY, LLC. V. WOO SIGNATURES, LLC.; et al. | | |

Specifically, plaintiff alleges that defendants copied its signature eyelash enhancement product by using plaintiff's manufacturer, by unlawfully copying plaintiff's copyrighted online advertisement (the "Work"), and by unlawfully using variations of the term "BoostLash," plaintiff's trademarked product name (the "Mark").

On August 31, 2018, defendants filed the instant motion to dismiss. Dkt. 28 ("Mot."). Plaintiffs filed an opposition on September 24, 2018, dkt. 29 ("opp'n"); and defendants filed their reply on October 1, 2018, dkt. 30 ("reply"). The motion to dismiss is currently before the Court. The Court held a hearing on October 15, 2018. Having carefully considered the parties' arguments, the Court concludes as follows.

## II. BACKGROUND

Plaintiff alleges the following facts.

Plaintiff is a California limited liability company with its principal place of business in Glendale, California. SAC ¶ 7. Woo Signatures is a California limited liability company with its principal place of business also in Glendale, California. Id. ¶ 8. Booghosianssardabi, Goflsaz, and Sedighi are the principals of Woo Signatures, and are individuals residing in Los Angeles County. Id. ¶ 9.

### A. Plaintiff's Business

Plaintiff alleges that it procures, advertises, distributes, and sells an eyelash enhancement product called BoostLash. Id. ¶ 27. BoostLash is a low-cost product available to consumers of all economic classes, which is sold online. Id. ¶¶ 29, 31. Plaintiff began the business in 2016 and alleges that it applied for and obtained a trademark registration for the term "BoostLash." Id. ¶ 27, 33. To market the product, plaintiff created advertisements composed of "specific words, phrases, and language in a specific order." Id. ¶ 34. In April 2018, plaintiff filed an application with the U.S. Copyright Office for copyright registration of an advertisement, a copy of which plaintiff attached to its second amended complaint. Id. ¶ 35; Ex. A. The advertisement features three areas of text: the first, across the top, states "'Top 5' Eyelash Growth Serums | 2018's Best Eyelash Enhancers," and contains additional product attributes below; the second, on the bottom left, states "Product Comparison Chart," which urges consumers to "compare performances"; and the last, on the bottom right, states "Which is Best for You." SAC, Ex. A. Plaintiff's registration application for this advertisement is pending. Id. ¶ 36.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-02960-CAS(Ex) | Date | October 15, 2018 |
| Title | BOOST BEAUTY, LLC. V. WOO SIGNATURES, LLC.; et al. | | |

### B. Defendants' Alleged Misconduct

#### 1. Sedighi's Intentional Fraud and Woo Signatures's Breach of Implied Contract

Plaintiff alleges that Sedighi and a principal at Boost Beauty lived together for five years, during which time Sedighi gained confidential information about plaintiff's business model, strategies, product, and suppliers. Id. ¶¶ 38–40, 83. Plaintiff alleges that, in November 2017, the named individual defendants unlawfully made a deal with plaintiff's manufacturer to produce an eyelash enhancement product called WooLash, purchased the domain name for WooLash, and began selling WooLash as a competing product. Id. ¶ 43. Plaintiff alleges that defendants produced WooLash despite the fact that Sedighi agreed that any information he learned from Boost Beauty's principal would remain confidential, and that Sedighi would not use the information for personal benefit without the consent of Boost Beauty's principal. Id. ¶¶ 40, 84–86.

#### 2. Defendants' Direct, Contributory, and Vicarious Copyright Infringement

Plaintiff avers that in November 2017, when defendants launched their competing business, they "copied Plaintiff's advertisement (but ran the advertisement only outside of California in the hopes Plaintiff would not become aware of it)." Id. ¶ 43. Plaintiff further alleges that defendants' "word-for-word" "copied advertisements were non-descript in that an ordinary consumer of the Product would not be able to tell, unless investigating closely, that the advertisement did not belong to Plaintiff," which confused consumers. Id. ¶ 44, 49. Plaintiff asserts that defendants knew the Work was an original expression owned by plaintiff, and that defendants used, republished, distributed, and displayed the Work to the public without authorization, which has caused plaintiff economic injury. Id. ¶ 52–54.

#### 3. Defendants' Trademark Infringement, Counterfeiting, Unfair Competition, and False Advertising

Plaintiff further alleges that in November 2017, defendants purchased "boost," "lash," and "boost lash," with a space, as Google Adwords and in other search engines; as a result, when a consumer would search for "BoostLash" on the internet, plaintiff asserts that consumers, "intending to find Plaintiff's website, . . . are instead directed to Defendants' website." Id. ¶ 43, 45. Plaintiff contends that by purchasing "boost" and "lash" as Adwords and by naming their product "WooLash," defendants willfully

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:18-cv-02960-CAS(Ex) | Date | October 15, 2018 |
| Title | BOOST BEAUTY, LLC. V. WOO SIGNATURES, LLC.; et al. | | |

adopted and used in commerce a confusingly similar or identical version of the Mark without plaintiff's consent. Id. ¶ 93–95. Plaintiff alleges that such acts of direct infringement amount to false or misleading advertising and unfair competition, and that as a result, plaintiff has lost out on revenues. Id. ¶ 116–17.

## III. LEGAL STANDARDS

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a pleading. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "[A]llegations in a complaint . . . may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the pleading, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The pleading must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-02960-CAS(Ex) | Date | October 15, 2018 |
| Title | BOOST BEAUTY, LLC. V. WOO SIGNATURES, LLC.; et al. | | |

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the pleading (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998).  A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV.  DISCUSSION

### A.  Defendants' Alleged Violation of Local Rule 7 – 3

Local Rule 7–3 mandates that parties contemplating the filing of a motion must contact and discuss the motion with opposing counsel at least seven days prior to filing a motion.  C.D. Cal. L.R. 7–3.  Plaintiff argues that defendants failed to meet and confer prior to filing the instant motion, as required by Local Rule 7–3.  Opp'n at 6.  Plaintiff requests that the Court therefore strike the motion and sanction defendants for their alleged violation of Local Rule 7–3, explaining that by failing to meet and confer, defendants attempted to "catch Plaintiff 'off-guard'" with their filing.  Id. at 8.  In the alternative, because plaintiff acknowledges that defendants emailed plaintiff in advance of filing the motion, which provided some warning about defendants' upcoming motion, plaintiff states that the Court should "at the very least" deny defendants' motion to dismiss the trademark claims because defendants failed to reference the trademark claims in their email.  Id. at 9.  Defendants respond that they attempted to satisfy Local Rule 7 – 3 by emailing plaintiff ten days in advance of filing their motion, in an attempt to meet and confer.  Reply at 2.  However, defendants explain that plaintiff failed to respond with an acceptable time to meet and would not grant defendants an extension on the motion.  Id. at 3.  Emails provided by the parties evidence defense counsel's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-02960-CAS(Ex) | Date | October 15, 2018 |
| Title | BOOST BEAUTY, LLC. V. WOO SIGNATURES, LLC.; et al. | | |

numerous requests to meet, and the parties' subsequent failure to agree on a time. Mot., Ex A.

The Court previously admonished the parties to abide by the Local Rules in future proceedings, and warned the parties that failure to meet and confer prior to filing motions constitutes grounds for denial of a motion or imposition of other monetary or non-monetary sanctions. See Order at 5. In this instance, the Court reiterates the importance of abiding by Local Rules, but finds that plaintiff is not justified in its request to strike defendants' motion, given plaintiff's own contribution to the failed meet and confer.

### B. Plaintiff's Copyright Infringement Claims

Defendants move to dismiss plaintiff's first through third claims, all pertaining to copyright infringement. "To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). The second element contains two parts: "copying" and "unlawful appropriation." Rentmeester v. Nike, Inc., 883 F.3d 1111, 1117 (9th Cir. 2018). Plaintiffs must allege both components because "independent creation is a complete defense to copyright infringement," and because "a defendant incurs no liability if he copies only the 'ideas' or 'concepts' used in the plaintiff's work. To infringe, the defendant must also copy enough of the plaintiff's expression of those ideas or concepts to render the two works 'substantially similar.'" Id. (citing Mattel, Inc. v. MGA Entertainment, Inc., 616 F.3d 904, 913–14 (9th Cir. 2010)).

Defendants argue that plaintiff fails to establish ownership of a valid copyright because plaintiff's Work does not meet the federal originality standard, because, under the *scenes a faire* doctrine, plaintiff's Work constitutes mere ideas that cannot be protected by copyright, and because plaintiff's work "possess[es] no more than [a] *de minimis* amount of creativity" and authorship, which bars protection. Mot. at 2–5. Defendants also note that plaintiff has not attached defendants' allegedly infringing work, and defendants argue that plaintiff's allegations fail to make defendants aware of how and when defendants infringed on plaintiff's copyright. Id. at 6. Accordingly, defendants argue that the Court should dismiss plaintiff's copyright claims. Id. at 7. Plaintiff opposes defendants' motion, arguing that it sufficiently alleged ownership of a valid copyright by attaching its copyright registration application to the complaint, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-02960-CAS(Ex) | Date | October 15, 2018 |
| Title | BOOST BEAUTY, LLC. V. WOO SIGNATURES, LLC.; et al. | | |

that its written descriptions of both plaintiff's protected work and the infringing work adequately allege unlawful copying. Opp'n at 10, 13–14.

In its prior order, the Court dismissed plaintiff's copyright claims with leave to amend. While the Court concluded that plaintiff properly alleged ownership of a valid copyright by producing its copyright registration application, the Court found that plaintiff failed to put defendants on notice of which advertisement defendants allegedly copied. Order at 6. Plaintiff neither attached its Work to its first amended complaint, nor described the work with sufficient particularity. Id.

Plaintiff's second amended complaint still properly alleges ownership of a valid copyright. "A certificate of registration from the U.S. Copyright Office raises the presumption of copyright validity and ownership," Unicolors, Inc. v. Urban Outfitters, Inc., 853 F.3d 980, 988 (9th Cir. 2017); and the Ninth Circuit has held that "receipt by the Copyright Office of a complete application satisfies the registration requirement of [17 U.S.C.] § 411(a)." Cosmetic Ideas, Inc. v. IAC/Interactivecorp., 606 F.3d 612, 621 (9th Cir. 2010); see also Mitchell v. 3PL Sys., Inc., No. SACV 11-534 AG (ANX), 2011 WL 13130874, at *5 (C.D. Cal. Nov. 14, 2011); OpenMind Solutions, Inc. v. Doe, 2011 U.S. Dist. LEXIS 116552 *11, 2011 WL 4715200 (N.D.Cal. Oct. 7, 2011) (finding that the plaintiff adequately alleged ownership because it was the subject of a pending copyright registration application).

However, the Court finds that plaintiff still fails to adequately plead the copying element of copyright infringement. Feist, 499 U.S. at 361. Plaintiff now attaches a copy of the Work, but does not attach a copy of defendants' allegedly infringing work. Instead, plaintiff claims that

> Defendant willfully misappropriated information from Plaintiff, struck a deal with a manufacturer of the Product, used the confusingly similar "Boost Lash" mark for their Google AdWords and in their other search engine advertisement, copied Plaintiff's advertisement, and made their advertisement non-descript so that when the consumer of the Product . . . does a search for BoostLash®, intending to find Plaintiff's website, they are instead directed to Defendants' website.

SAC ¶ 45. Plaintiff also alleges that defendants "copied word for word" plaintiff's advertisement, and that "defendants' copied advertisements were non-descript." Id. ¶ 44, 50.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:18-cv-02960-CAS(Ex) | Date | October 15, 2018 |
| Title | BOOST BEAUTY, LLC. V. WOO SIGNATURES, LLC.; et al. | | |

"It is no longer necessary that either a copy of the work allegedly infringed, or a copy of the allegedly infringing work, accompany the complaint. The attachment of copies to the complaint is now discretionary." 3 Nimmer on Copyright § 12.09 (2018). However, here, plaintiff's pleadings do not properly allege copyright because, while plaintiff claims that defendants "copied" plaintiff's Work "word-for-word," plaintiff also states that defendants' alleged infringing work was "non-descript." SAC ¶¶ 44–45, 50. "Draw[ing] on its judicial experience and common sense," the Court is unclear how something "non-descript" can be a word-for-word copy of work that is original and validly protected by copyright. Iqbal, 556 U.S. at 679. Without either attaching defendants' infringing work or providing additional details that indicate how defendants' non-descript infringing work amounts to a "substantially similar" copy of plaintiff's original work, the Court therefore finds that plaintiff does not allege a claim for copyright infringement.

Defendants argue that the Court should grant defendants' motion to dismiss plaintiff's copyright claims with prejudice because plaintiff "intentionally [chose] not to attach" defendants' allegedly infringing work. Reply at 9. However, as a general rule, leave to amend a complaint which has been dismissed should be freely granted unless "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib., 806 F.2d at 1401. At oral argument, plaintiff represented that, if the Court granted dismissal with leave to amend, plaintiff could cure its pleading by attaching defendants' infringing work to an amended complaint and by alleging substantial similarity between plaintiff's copyrighted work and defendants' infringing work. Accordingly, the Court **GRANTS** defendants' motion to dismiss plaintiff's first claim for copyright infringement, with leave to amend.

As noted in the Court's prior order, because plaintiff's second and third claims for secondary infringement depend on an adequately-pleaded claim for copyright infringement, the Court also **GRANTS** defendants' motion to dismiss plaintiff's contributory and vicarious claims. See A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1013 (9th Cir. 2001) (stating that "secondary liability for copyright infringement does not exist in the absence of direct infringement").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:18-cv-02960-CAS(Ex) | Date | October 15, 2018 |
| Title | BOOST BEAUTY, LLC. V. WOO SIGNATURES, LLC.; et al. | | |

### C. Plaintiff's Claims for Trademark Infringement, False Advertising, and Unfair Competition

Defendants move to dismiss plaintiff's claims for federal trademark infringement, counterfeiting, false advertising, and unfair competition by knowingly and willfully causing consumer confusion and gaining profits in violation of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a). Defendants argue that plaintiff does not own a valid trademark because the alleged mark is generic, and that defendants' use of the alleged mark constitutes "fair use," which is a defense to trademark infringement. Mot. at 8–9. Defendants add that plaintiff does not allege claims with sufficient particularity, that plaintiff impermissibly pleads identical claims, and that plaintiff's counterfeit claim "fails as a matter of law" because it does not allege defendants' use of plaintiff's exact mark on a counterfeit product. Id. at 9–10. Plaintiff opposes defendants' motion on the grounds that its mark is not generic, and that it properly alleged defendants' infringing conduct. Opp'n at 17. Plaintiff further argues that its causes of action are not identical. Id. at 18.

As noted in the Court's prior order, courts apply the same analysis when reviewing claims, based on the same infringing conduct, for trademark, counterfeiting, false advertising, and unfair competition claims. Order at 7 (citing 15 U.S.C. §§ 1114, 1125(a)); see also E. & J. Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1288 n.2 (9th Cir. 1992) (noting that elements of infringement and unfair competition claims are essentially the same, and their respective rulings "stand or fall together"); Ingrid & Isabel, LLC v. Baby Be Mine, LLC, 70 F. Supp. 3d 1105, 1134 (N.D. Cal. 2014) ("To successfully maintain an action for . . . false designation of origin [or] unfair competition under the Lanham Act or California law, plaintiff must show that it has a valid trademark and that defendant's use of the mark is likely to cause confusion"). The Court will also simultaneously analyze plaintiff's claims for California common law trademark infringement, false advertising, and unfair competition, and because these California claims are "substantially congruent" with Lanham Act claims. Playboy Enter., Inc. v. Netscape Commc'n. Corp., 354 F.3d 1020, 1024 n.10 (9th Cir. 2004). As such, for purposes of the instant motion, the Court will address plaintiff's sixth through eleventh claims together.

To prevail on a claim for trademark infringement under the Lanham Act, a plaintiff must prove: (1) ownership of a valid trademark; (2) use of the mark without its consent; and (3) that such use is likely to cause confusion. Credit One Corp v. Credit One Financial, Inc., 661 F. Supp. 2d 1134, 1137 (C.D. Cal. 2009); see also Rearden LLC v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-02960-CAS(Ex) | Date | October 15, 2018 |
| Title | BOOST BEAUTY, LLC. V. WOO SIGNATURES, LLC.; et al. | | |

Rearden Commerce, Inc., 683 F.3d 1190, 1202 (9th Cir. 2012). "Generic marks are not capable of receiving protection because they identify the product, rather than the product's source." KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc., 408 F.3d 596, 602 (9th Cir. 2005). Determination of whether a mark is generic is a question of fact. Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 840 (9th Cir. 2001). Specifically, "to determine whether a term has become generic, we look to whether consumers understand the word to refer only to a particular producer's goods or whether the consumer understands the word to refer to the goods themselves." Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc., 419 F.3d 925, 929 (9th Cir. 2005) (quoting KP Permanent Make–Up, Inc., 408 F.3d at 604.).

The Court previously dismissed plaintiff's trademark infringement claims because plaintiff did not sufficiently allege defendants' use of plaintiff's Mark without consent. Order at 8. Additionally, the Court found that plaintiffs failed to identify or describe defendants' use of a confusingly similar mark which posed a likelihood of consumer confusion. Id. at 9.

Plaintiff's second amended complaint cures these defects. Plaintiff clearly alleges that it owns the trademark "BoostLash®" and that defendants "purchased the Google AdWords 'Boost' and 'Lash,' and used the words 'Boost' and 'Lash' together with a space added in between as 'Boost Lash' as a search engine advertisement to drive traffic to their website, and sold a same, but competing, product." SAC ¶ 43. In so doing, plaintiff claims that defendants "used, and are using in commerce the confusingly similar 'Boost Lash' mark in connection with the promotion, marketing, advertising of eye-lash enhancement products in a manner which is likely to cause confusion." Id. ¶ 94. Plaintiff claims that defendants are confusing consumers into thinking that defendants' product is associated with plaintiff's. Id. ¶ 95.

The Ninth Circuit has recognized that a defendant's use of a trademark as an internet search engine keyword constitutes a "use of commerce" which can give rise to liability under the Lanham Act. Network Automation, Inc. v. Advanced Systems Concepts, Inc., 638 F.3d 1137, 1145 (9th Cir. 2011). Although defendants argue that plaintiff cannot claim ownership of a valid trademark because plaintiff's mark is generic, mot. at 8; this is a factual issue that will not be decided on a motion to dismiss. Stuhlbarg Int'l Sales Co., Inc., 240 F.3d at 840; see also Solid 21, Inc. v. Breitling USA, Inc., 512 F. App'x 685, 686–87 (9th Cir. 2013) ("[Defendant's] contention that the mark is, in fact,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-02960-CAS(Ex) | Date | October 15, 2018 |
| Title | BOOST BEAUTY, LLC. V. WOO SIGNATURES, LLC.; et al. | | |

generic is an attempt to introduce evidence to rebut the complaint, which is impermissible at the motion to dismiss stage.").

Similarly, at this pleading stage, the Court finds unpersuasive defendants' contention that its use of the words "boost" and "lash" constitute a "classic fair use," which is a defense to trademark infringement. Mot. at 9. The Ninth Circuit recognizes "two types of fair use: 'classic fair use,' in which 'the defendant has used the plaintiff's mark to describe the defendant's *own* product,' and 'nominative fair use,' in which the defendant has used the plaintiff's mark 'to describe the *plaintiff's* product' for the purpose of, for example, comparison to the defendant's product." Cairns v. Franklin Mint Co., 292 F.3d 1139, 1150 (9th Cir. 2002) (citations omitted). Classic fair use, which defendants claim, is a defense to trademark infringement where "the use of the name, term, or device charged to be an infringement is a use, otherwise than as a mark . . . of a term or device which is descriptive of and used fairly and in good faith only to describe the goods." Rolex Watch U.S.A., Inc. v. Agarwal, No. CV 12-06400 MMM (MRWX), 2012 WL 12886444, at *8 (C.D. Cal. Dec. 17, 2012) (citing 15 U.S.C. § 1115(b)(4)); see also Mattel, Inc. v. Walking Mountain Prods., 353 F.3d 792, 809 (9th Cir. 2003) ("a defendant's use is classic fair use where the defendant has used the plaintiff's dress to describe or identify the defendant's own product and not at all to describe or identify the plaintiff's product."); 2 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 11:45 (5th ed. 2018) (explaining that under the classic fair use doctrine, "[a] junior user is always entitled to use a descriptive term in good faith in its primary, descriptive sense other than as a trademark").

Defendant argues that classic fair use applies here because defendants' use of "the words 'boost' and 'lash' in search engine advertising would describe the effect of Defendants' product." Mot. at 9. However, the Court finds that plaintiff "has alleged sufficient facts to defeat the defense if they are proved." Rolex Watch U.S.A., Inc., No. CV 12-06400 MMM (MRWX), 2012 WL 12886444, at *8. Plaintiff alleges that defendants purposefully used its trademark as a search engine term in order to associate defendants' product with plaintiff's, and to direct consumers to defendants' website, instead of plaintiff's. SAC ¶¶ 45, 95. Accordingly, defendants' alleged conduct "is not use of the trademarks in a manner 'other than as a mark'" and "defendants' classic fair use defense thus does not bar [plaintiff's] claims at the pleadings stage." Rolex Watch U.S.A., Inc., No. CV 12-06400 MMM (MRWX), 2012 WL 12886444, at *8. Instead, the Court finds that plaintiff alleges valid claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:18-cv-02960-CAS(Ex) | Date | October 15, 2018 |
| Title | BOOST BEAUTY, LLC. V. WOO SIGNATURES, LLC.; et al. | | |

However, specifically regarding plaintiff's sixth claim for relief, in which plaintiff alleges federal trademark infringement and counterfeiting in violation of 15 U.S.C. § 1114, the Court finds that plaintiff properly alleges trademark infringement, as discussed, but the Court agrees with defendants that plaintiff fails to allege a claim for counterfeiting. "Counterfeiting is the act of producing or selling a product with a sham trademark that is an intentional and calculated reproduction of the genuine trademark. A 'counterfeit mark' is a false mark that is identical with, or substantially indistinguishable from, the genuine mark." Nautilus, Inc. v. Hempel, No. CV 12-07430 DMG (EX), 2013 WL 12133877, at *6 (C.D. Cal. June 20, 2013) (quoting 4 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 25:10 (4th ed. 2012)). Plaintiff does not allege that defendants are using plaintiff's mark "in the act of producing or selling a product;" instead, plaintiffs allege that defendants are using the Mark "in connection with the promotion, marketing, [and] advertising" of their competing product, by using "Boost Lash" as a search engine keyword. SAC ¶ 94. Moreover, plaintiff admits that defendants market their product under the name "WooLash." SAC ¶ 43. Plaintiff nowhere alleges that defendants have attached plaintiff's Mark to defendants' product. For this reason, the Court finds that plaintiff fails to state a claim for counterfeiting.

Finally, although defendants argue that plaintiff's sixth and tenth claims, both arising under 15 USC § 1115, are identical claims for relief, the Court concludes that at this juncture, without more evidence, this argument is premature. Accordingly, defendants' motion to dismiss plaintiff's sixth through eleventh claims is **DENIED**, except as to plaintiff's claim of counterfeiting, which is **DISMISSED** *with leave to amend*.

## V.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendants' motion in part and **DISMISSES** plaintiff's first through third claims, pertaining to copyright infringement, *with leave to amend*. The Court **DENIES** defendants' motion with regards to plaintiff's sixth through eleventh claims, except as to plaintiff's claim of counterfeiting. The Court **GRANTS** defendants' motion to dismiss the counterfeiting claim, *with leave to amend*.

IT IS SO ORDERED.

| | 00 | 15 |
|---|---|---|
| Initials of Preparer | CMJ | |