UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:18-cv-02960-CAS(Ex) | Date | February 11, 2019 |
|---|---|---|---|
| Title | BOOST BEAUTY, LLC. V. WOO SIGNATURES, LLC. et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) - DEFENDANT'S MOTION TO DISMISS (Dkt. [ 33 ], filed November 27, 2018)

## I. INTRODUCTION

Before the Court is a motion to dismiss plaintiff Boost Beauty, LLC's ("Boost Beauty") third amended complaint. On April 9, 2018, Boost Beauty filed this action against defendants Woo Signatures, LLC ("Woo Signatures"), Tadeh Booghosianssardabi, Farshid Karamzad Goflsaz, Arash Sedighi, and Does 1 through 10 (collectively, "defendants"). Dkt. 1. On June 7, 2018, plaintiff filed a first amended complaint. Dkt 17. In response to defendants' motion to dismiss, the Court dismissed plaintiff's FAC, with leave to amend, on July 23, 2018. Dkt. 25 . Plaintiff filed a second amended complaint on August 17, 2018. Dkt. 26 ("SAC"). On October 15, 2018, the Court dismissed two claims in plaintiff's SAC, with leave to amend, in response to defendants' motion to dismiss. Dkt. 31 ("Oct. Order"). On November 13, 2018, plaintiff filed a third amended complaint. Dkt. 32 ("TAC").

Plaintiff asserts the same eleven claims in its TAC as in its initial complaint: (1) copyright infringement, in violation of the Copyright Act, 17 U.S.C. § 501 et seq.; (2) contributory copyright infringement; (3) vicarious copyright infringement; (4) intentional fraud, as against Sedighi; (5) breach of implied contract; (6) trademark infringement and counterfeiting, in violation of the Lanham Act, 15 U.S.C. § 1114; (7) unfair competition and false designation of origin, in violation of the Lanham Act, 15 U.S.C. § 1125(a); (8) trademark infringement under California common law; (9) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq.; (10) trademark infringement by imitating and false advertising, in violation of the Lanham Act, 15 U.S.C. §§ 1114(a)–(b); and (11) common law unfair competition and false designation of origin. In brief, plaintiff alleges that defendants engaged in a scheme to gain access to plaintiff's confidential information and thereby replicate the beauty

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-02960-CAS(Ex) | Date | February 11, 2019 |
| Title | BOOST BEAUTY, LLC. V. WOO SIGNATURES, LLC. et al. | | |

product that plaintiff produces, markets, and sells.  Specifically, plaintiff alleges that defendants copied its signature eyelash enhancement product by using plaintiff's manufacturer, by unlawfully copying plaintiff's copyrighted online advertisement (the "Work"), and by unlawfully using variations of the term "BoostLash," plaintiff's trademarked product name (the "Mark"), as a search engine adword.

On November 27, 2018, defendants filed the instant motion to dismiss.  Dkt. 33 ("Mot.").  Plaintiff filed an opposition on December 17, 2018, dkt. 34 ("opp'n"), and defendants filed their reply on December 21, 2018, dkt. 36 ("reply").  The Court held a hearing on February 4, 2019.  Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff alleges the following facts.

Plaintiff is a California limited liability company with its principal place of business in Glendale, California.  TAC ¶ 7.  Woo Signatures is a California limited liability company with its principal place of business also in Glendale, California.  Id. ¶ 8.  Booghosianssardabi, Goflsaz, and Sedighi are the principals of Woo Signatures, and are individuals residing in Los Angeles County.  Id. ¶ 9.

### A. Plaintiff's Business

Plaintiff alleges that it procures, advertises, distributes, and sells an eyelash enhancement product called BoostLash.  Id. ¶ 27.  Plaintiff began the business in 2016 and applied for and obtained a trademark registration for the Mark.  Id. ¶¶ 27, 33.  Plaintiff alleges that the Product garnered commercial success, becoming a "highly-sought after commodity" because BoostLash is a relatively low-cost product, available to consumers across all economic groups, which is sold online.  Id. ¶¶ 28, 30.

To market the product, plaintiff created advertisements composed of "specific words and language in a specific order, which, as . . . plaintiff figured out, would facilitate more end users to its website and, ultimately, to purchase the Product."  Id. ¶ 34.  In March 2018, plaintiff filed an application with the U.S. Copyright Office for copyright registration of the advertisement, a copy of which plaintiff attached to its third amended complaint.  Id. ¶¶ 35, 36; Ex. A.  The advertisement features three areas of text: the first, across the top, states "'Top 5' Eyelash Growth Serums | 2018's Best Eyelash Enhancers," and contains additional product attributes below; the second, on the bottom left, states

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:18-cv-02960-CAS(Ex) | Date | February 11, 2019 |
| Title | BOOST BEAUTY, LLC. V. WOO SIGNATURES, LLC. et al. | | |

"Product Comparison Chart," which urges consumers to "compare performances"; and the last, on the bottom right, states "Which is Best for You." TAC, Ex. A. Plaintiff's registration application for this advertisement is pending. Id. ¶ 36.

**Exhibit A,** Plaintiff's Advertisement, for which it has applied for Copyright Registration

### B. Defendants' Alleged Misconduct

#### i. Sedighi's Alleged Intentional Fraud and Woo Signatures' Breach of Implied Contract

Plaintiff alleges that Sedighi and a principal at Boost Beauty lived together for five years, during which time Sedighi gained confidential information about plaintiff's business model, strategies, product, and suppliers. Id. ¶¶ 38–41, 82–83. Plaintiff alleges that, in November 2017, the named individual defendants unlawfully employed plaintiff's manufacturer to produce a competing eyelash enhancement product, called their product a similar name, purchased the domain name for WooLash, and began selling the product. Id. ¶¶ 43, 45. Plaintiff alleges that defendants produced their competing product despite the fact that Sedighi agreed that any information he learned from Boost Beauty's principal would remain confidential, and that Sedighi would not use the information for personal benefit without the consent of Boost Beauty's principal. Id. ¶¶ 40, 83–84.

#### ii. Defendants' Alleged Direct, Contributory, and Vicarious Copyright Infringement

Plaintiff avers that in November 2017, when defendants launched their competing business, they "word for word" "copied [] plaintiff's advertisement (but ran the advertisement only outside of California in the hopes plaintiff would not become aware of it)." Id. ¶¶ 43, 49. Plaintiff further alleges that defendants' copied advertisements

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:18-cv-02960-CAS(Ex) | Date | February 11, 2019 |
| Title | BOOST BEAUTY, LLC. V. WOO SIGNATURES, LLC. et al. | | |

"were intentionally unlabeled and source-ambiguous in that an ordinary consumer of the [p]roduct would not be able to tell, unless investigating closely, that the advertisement did not belong to plaintiff." Id. ¶ 44. Plaintiff asserts that defendants knew the Work was an original expression owned by plaintiff, and that defendants used, republished, distributed, and displayed the Work to the public without authorization, which has caused plaintiff economic injury. Id. ¶¶ 51–53. Plaintiff claims contributory and vicarious copyright infringement against all defendants. Id. ¶¶59–60, 65–67.

### iii. Defendants' Alleged Trademark Infringement, Counterfeiting, Unfair Competition, and False Advertising

Plaintiff also claims that in November 2017, defendants "purchased the Google AdWords 'boost' and 'lash' together in that order as a search engine advertisement to drive traffic to their website." Id. ¶ 43. Plaintiff contends that defendants willfully adopted and used in commerce a confusingly similar or identical version of the Mark without plaintiff's consent, and that "Defendants have engaged in acts of direct infringement by using a sham version of the Mark to sell their products without Plaintiff's consent." Id. ¶¶ 92–93. Plaintiff also alleges that such acts of direct infringement amount to false or misleading advertising and unfair competition, and that as a result, plaintiff has lost out on revenues. Id. ¶¶ 115–16. Plaintiff asserts that defendants pursued this conduct in order to mislead unsophisticated consumers into believing that defendants' product is endorsed by plaintiff. Id. ¶¶ 29, 45. This, plaintiff claims, would persuade consumers into purchasing defendants' identical but competing product instead of plaintiff's. Id. ¶¶ 43, 45.

## III. LEGAL STANDARDS

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a pleading. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "[A]llegations in a complaint . . . may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-02960-CAS(Ex) | Date | February 11, 2019 |
| Title | BOOST BEAUTY, LLC. V. WOO SIGNATURES, LLC. et al. | | |

and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the pleading, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The pleading must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the pleading (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-02960-CAS(Ex) | Date | February 11, 2019 |
| Title | BOOST BEAUTY, LLC. V. WOO SIGNATURES, LLC. et al. | | |

## IV. DISCUSSION

In their third motion to dismiss, defendants move to dismiss plaintiff's copyright claims and its claim for counterfeiting. Mot. at 1.

### A. Plaintiff's Copyright Claims

To state a claim for copyright infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). The second element contains two parts: "copying" and "unlawful appropriation." Rentmeester v. Nike, Inc., 883 F.3d 1111, 1117 (9th Cir. 2018) (dismissing a plaintiff's copyright claims on a motion to dismiss because the allegedly infringing work was not substantially similar to the copyrighted work). Plaintiffs must allege both components because "independent creation is a complete defense to copyright infringement," and because "a defendant incurs no liability if he copies only the 'ideas' or 'concepts' used in the plaintiff's work. To infringe, the defendant must also copy enough of the plaintiff's expression of those ideas or concepts to render the two works 'substantially similar.'" Id. (citing Mattel, Inc. v. MGA Entertainment, Inc., 616 F.3d 904, 913–14 (9th Cir. 2010)). Accordingly, "the second Feist prong, regarding copying of constituent elements of an original work, requires plaintiffs to allege 'that the works at issue are substantially similar in their protected elements.'" Blizzard Entm't, Inc. v. Lilith Games (Shanghai) Co., 149 F. Supp. 3d 1167, 1172–73 (N.D. Cal. 2015) (citing Cavalier v. Random House, Inc., 297 F.3d 815, 822 (9th Cir. 2002))

In its second amended complaint, plaintiff did not attach a copy of defendant's infringing work, but alleged that "Defendant[s] willfully misappropriated information from Plaintiff, . . . copied Plaintiff's advertisement and made their advertisement non-descript so that when the consumer of the Product . . . does a search for BoostLash®, intending to find Plaintiff's website, they are instead directed to Defendant's website." SAC ¶ 45. The Court previously acknowledged that plaintiff was not legally obligated to attach a copy of defendant's infringing work to state a claim for copyright infringement. Oct. Order at 8 (citing 3 Nimmer on Copyright § 12.09 (2018)). However, the Court found that plaintiff failed to state a claim because plaintiff failed to allege sufficient facts to claim substantial similarity between plaintiff's work and defendants' infringing work. As it explained, the Court failed to understand how a "non-descript" advertisement could constitute a word-for-word copy of original work, subject to a valid copyright. Id. However, the Court granted leave to amend because, at oral argument, plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-02960-CAS(Ex) | Date | February 11, 2019 |
| Title | BOOST BEAUTY, LLC. V. WOO SIGNATURES, LLC. et al. | | |

represented that it would amend its complaint and attach a copy of defendants' infringing work within twenty-one days.

In its third amended complaint, plaintiff still did not attach a copy of defendants' infringing work. Instead, plaintiff amended some of its allegations. Specifically, in its Third Amended Complaint, plaintiff now claims that defendants copied plaintiff's advertisement, and

> plaintiff is informed and believes, and thereon alleges that the information surrounding the expression defendants copied from the plaintiff (the balance of the advertisement) were intentionally unlabeled and source-ambiguous in that an ordinary consumer of the Product would not be able to tell, unless investigating closely, that the advertisement did not belong to Plaintiff.

TAC ¶ 44. Plaintiff further alleges that defendants copied plaintiff's work "word for word." Id. ¶ 49.

Defendants moved to dismiss the claim, arguing that plaintiff "has failed to attach or even describe with any specificity the purported infringement." Mot. at 3. Defendants contended that they required more particularized allegations "to know whether the works are substantially similar." Id.

At oral argument, the Court inquired as to why plaintiff had once again failed to file the allegedly infringing work, and plaintiff responded that it would file the infringing work that day. Subsequently, plaintiff filed a supplemental declaration, which contained a copy of defendants' allegedly infringing work. See Dkt. 40. Now in receipt of the allegedly infringing work, the Court finds that plaintiff's allegations sufficiently notify defendants of the allegedly infringing conduct, and accordingly state a claim for copyright infringement. While, "[o]n a motion to dismiss, the court may decide as a matter of law '[w]hether there is sufficient objective similarity under the extrinsic test,'" the Court here declines to conduct this analysis. Sugarfina, Inc. v. Sweet Pete's LLC, No. 17-CV-4456-RSWL-JEM, 2017 WL 4271133, at *7 (C.D. Cal. Sept. 25, 2017). Given plaintiff's delayed filing of the allegedly infringing work, the Court finds that this issue is better decided on a motion for summary judgment, when the issue has been briefed.

### B. Plaintiff's Claim for Counterfeiting

In plaintiff's sixth claim for relief, plaintiff alleges federal trademark infringement and counterfeiting in violation of 15 U.S.C. § 1114. The Court previously denied

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-02960-CAS(Ex) | Date | February 11, 2019 |
| Title | BOOST BEAUTY, LLC. V. WOO SIGNATURES, LLC. et al. | | |

defendants' motion to dismiss plaintiff's trademark infringement claim. Oct. Order at 11. However, the Court found that plaintiff failed to state a claim for counterfeiting. Id. at 12.

In its TAC, plaintiff alleges that "[d]efendants have adopted and used in commerce identical or confusingly similar versions of the Mark without Plaintiff's consent, by way of using a sham copy of the Mark to sell their product." TAC ¶ 92. Plaintiff argues that this states a claim for counterfeiting under the Lanham Act based on defendants alleged use of "an identical but unauthorized, replication of Plaintiff's Mark to sell Defendants' knock-off products" by employing plaintiff's mark as a GoogleAd word. Opp'n at 9.

Defendants argue that plaintiff's allegations fail to state a claim for counterfeiting. Mot. at 5. Defendants contend that "no factual allegations are pled to show that Defendants used Plaintiff's registered trademark on [a] counterfeit product. To the complete contrary, the entire gravamen of the claim is that Defendants are selling a different, competing product under the different name 'WooLash.'" Id. In response, plaintiff argues that it need not allege that "a counterfeit mark [is] affixed to a product to constitute counterfeiting." Opp'n at 9.

"Counterfeiting is the act of producing or selling *a product with a sham trademark* that is an intentional and calculated reproduction of the genuine trademark. A 'counterfeit mark' is a false mark that is identical with, or substantially indistinguishable from, the genuine mark." 4 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 25:10 (5th ed. 2018) (emphasis added). A counterfeit mark for purposes of 15 U.S.C. § 1117(c) is "a counterfeit of a mark that is registered on the principal register in the United States Patent and Trademark Office for such goods or services sold, offered for sale, or distributed and that is in use, whether or not the person against whom relief is sought knew such mark was so registered." 15 U.S.C. § 1116(d)(1)(B)(i) (West).

"To succeed on a claim of trademark counterfeiting, Plaintiff must establish that: (1) Defendants intentionally used a counterfeit mark in commerce; (2) knowing the mark was counterfeit; (3) in connection with the sale, offer for sale, or distribution of goods; and (4) its use was likely to confuse or deceive." SATA GmbH & Co. Kg v. Wenzhou New Century Int'l, Ltd., No. CV 15-08157-BRO (EX), 2015 WL 6680807, at *5 (C.D. Cal. Oct. 19, 2015) (citing State of Idaho Potato Comm'n v. G & T Terminal Pkg., Inc., 425 F.3d 708, 721 (9th Cir. 2005)). For the purposes of 15 U.S.C. § 1117, the Ninth Circuit has further required that "the mark in question be (1) a non-genuine mark identical to the registered, genuine mark of another, where (2) the genuine mark was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:18-cv-02960-CAS(Ex) | Date | February 11, 2019 |
| Title | BOOST BEAUTY, LLC. V. WOO SIGNATURES, LLC. et al. | | |

registered for use on *the same goods to which the infringer applied the mark.*" Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc., 658 F.3d 936, 945-46 (9th Cir. 2011) (emphasis added).

At oral argument, the Court requested plaintiff to clarify in what capacity defendants have allegedly used plaintiff's Mark to sell defendants' products, and whether plaintiff alleges that defendants are attaching "BoostLash" to defendants' products. As indicated in its brief, plaintiff confirmed that its claim is predicated on defendants' alleged use of plaintiff's Mark as a GoogleAd word. Plaintiff further stated that it did not allege that defendants were attaching plaintiff's Mark to defendants' competing product. Plaintiff argued, however, that under Network Automation, Inc. v. Advanced Systems Concepts, Inc., 638 F.3d 1137 (2010), defendants' alleged use of plaintiff's mark as a search engine term gives rise to a counterfeiting claim. Plaintiff is wrong.

Counterfeiting is "[t]he unlawful forgery, copying, or imitation of an item." COUNTERFEITING, Black's Law Dictionary (10th ed. 2014). As the Ninth Circuit has explained, a "counterfeit is something that purports to be something that it is not." United Pac. Ins. Co. v. Idaho First Nat. Bank, 378 F.2d 62, 69 (9th Cir. 1967). At the heart of counterfeiting, then, is a good that has been copied and which has been sold, offered for sale, or distributed with a counterfeit mark. Moreover, to succeed on a counterfeiting claim, a registered mark must have been registered with regard to "*the same goods to which the infringer applied the mark.*" Louis Vuitton Malletier, 658 F.3d at 945–46 (emphasis added). A defendant must allegedly have "applied the mark" to its product to engage in counterfeiting. See, e.g., Gibson Brands, Inc. v. John Hornby Skewes & Co., No. CV1400609DDPSSX, 2016 WL 7479317, at *6 (C.D. Cal. Dec. 29, 2016) (holding that the defendant "cannot be held liable for counterfeiting [plaintiff's] marks because every allegedly infringing guitar ...bears [defendant's] trade name, and there is no evidence that they are counterfeits of [plaintiff's products] body shapes or headstocks"); Idaho Potato Commn, 425 F.3d at 721 (affirming a finding of counterfeiting where the defendant purchased empty potato bags containing plaintiff's marks and then packaged their own potatoes into those bags); SATA GmbH, 2015 WL 6680807, at *5 (issuing an injunction where defendant had etched plaintiff's mark on fake paint canisters).[1]

---

[1] Plaintiff argued that it could not be required to allege that defendant affixed plaintiff's Mark to the product because, if that were the case, the holder of a service mark could never allege counterfeiting. Opp'n at 9. The Court finds this argument inapposite:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-02960-CAS(Ex) | Date | February 11, 2019 |
| Title | BOOST BEAUTY, LLC. V. WOO SIGNATURES, LLC. et al. | | |

Here, while plaintiff claims that defendants "sold the exact same, but competing, product" – namely eyelash enhancement serum—plaintiff has confirmed that it does not allege that defendants have applied plaintiff's Mark to the product. TAC ¶ 43. Plaintiff's claim is predicated on defendants' alleged use of plaintiff's mark as an internet search term. As a matter of law, this does not constitute counterfeiting.

Network Automation does not hold otherwise. As this Court explained when it denied defendants' motion to dismiss plaintiff's trademark infringement claim, Network Automation held that "the use of a trademark as a search engine keyword that triggers the display of a competitor's advertisement is a 'use in commerce' under the Lanham Act." 638 F.3d at 1144. The Ninth Circuit thus recognized that a trademark infringement claim could be predicated on the unauthorized use of a trademark as a search engine term. Id. However, despite the fact that the defendant in Network Automation openly acknowledged that it used an exact replica of the plaintiff's trademark as a search term (the term "ActiveBatch"), the Network Automation court did not suggest, much less find, that this conduct could give rise to a counterfeiting claim. It could give rise to a trademark infringement claim. "To find that anything less than an 'identical' or 'substantially indistinguishable' product can give rise to a counterfeit claim would risk

---

plaintiff is not the holder of a service mark. However, the Court notes that at least one out-of-circuit district court has held that there is "no statutory requirement that the counterfeit mark be placed on the product itself." Tiffany & Co. v. Costco Wholesale Corp., 127 F. Supp. 3d 241, 255 (S.D.N.Y. 2015). That case is not binding on this Court, and its facts are clearly distinguishable. In Tiffany & Co., the defendant replicated engagement rings produced and marketed by the plaintiff, the jewelry company Tiffany's & Co.. Id. The defendant then sold the rings out of a display case showcasing the Tiffany mark. Id. In light of this, and after finding that the defendant acted in bad faith, the Tiffany & Co. court found that the plaintiff established trademark counterfeiting as a matter of law despite the fact that the defendant had not stamped the rings themselves with Tiffany and Co.'s registered mark. Id. In contrast to the allegations in Tiffany & Co., here, plaintiff does not allege that defendants displayed plaintiff's mark alongside defendants' product as a means of "trick[ing] the consumer into believing he or she is getting the genuine article, rather than a 'colorable imitation.'" Gibson Brands, 2016 WL 7479317, at *5 (citing Gucci Am., Inc. v. Guess?, Inc., 868 F. Supp. 2d 207, 242 (S.D.N.Y. 2012)). Plaintiff alleges that defendants purchased online search engine terms, which a consumer would never see.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:18-cv-02960-CAS(Ex) | Date | February 11, 2019 |
| Title | BOOST BEAUTY, LLC. V. WOO SIGNATURES, LLC. et al. | | |

rendering 'all trademark infringement claims . . . counterfeiting claims,' and, along with it, open up the wider range of statutory penalties and remedies." Gibson Brands, 2016 WL 7479317, at *7 (C.D. Cal. Dec. 29, 2016) (citing Adams v. Grand Slam Club/Ovis, No. 12-CV-2938-WJM-BNB, 2013 WL 1444335, at *7 (D. Colo. Apr. 9, 2013)).

In sum, the Court finds that plaintiff fails to state a claim for counterfeiting. Generally, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, a "court may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [and] futility of amendment.'" Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 892–93 (9th Cir. 2010) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). In light of the fact that plaintiff has failed to state a claim for counterfeiting on three occasions, and in light of plaintiff's representations that plaintiff does not allege that defendants applied plaintiff's mark to their product, the Court finds it appropriate to deny leave to amend in this case. Accordingly, plaintiff's counterfeiting claim is **DISMISSED** *with prejudice*.

### C. Sanctions

In its opposition to defendants' motion to dismiss the third amended complaint, plaintiff argues that defendants should be sanctioned, under 28 U.S.C. § 1927, because defendants' motion "is not supported by evidence or law." Opp'n at 10. Plaintiff is in error. Defendants' motion cited numerous legal authorities, and defendants accurately recognized that plaintiff failed to timely amend its complaint with the documents requested by the Court. Defendants' motion did not "unreasonably and vexatiously" "multipl[y] proceedings" in this case. 28 U.S.C.A. § 1927 (West). Plaintiff's request is **DENIED**.

//

//

//

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:18-cv-02960-CAS(Ex) | Date | February 11, 2019 |
| Title | BOOST BEAUTY, LLC. V. WOO SIGNATURES, LLC. et al. | | |

## V. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss plaintiff's copyright claim is **DENIED**. Plaintiff's sixth cause of action for counterfeiting is **DISMISSED** *with prejudice*.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |