## CIVIL MINUTES – GENERAL      'O'

| Case No. | 2:18-cv-02960-CAS-Ex | Date | May 14, 2019 |
|---|---|---|---|
| Title | BOOST BEAUTY, LLC. V. WOO SIGNATURES, LLC. et al. | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**      (IN CHAMBERS) - DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (Dkt. [ 45 ], filed April 22, 2019)

## I. INTRODUCTION AND BACKGROUND

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of May 20, 2019, is vacated, and the matter is hereby taken under submission.

On April 9, 2018, Boost Beauty filed this action against defendants Woo Signatures, LLC ("Woo Signatures"), Tadeh Booghosianssardabi, Farshid Karamzad Goflsaz, Arash Sedighi, and Does 1 through 10 (collectively, "defendants"). Dkt. 1. The operative amended complaint was filed on November 13, 2018. Dkt. 32 ("TAC"). In brief, plaintiff alleges that defendants engaged in a scheme to gain access to plaintiff's confidential information and thereby replicate the beauty product that plaintiff produces, markets, and sells. See generally Id. Plaintiff specifically alleges that defendants unlawfully copied its signature eyelash enhancement product, unlawfully copied plaintiff's online advertisement (the "Work"), and unlawfully used variations of the term "BoostLash," plaintiff's trademarked product name, as an internet search engine adword.

Plaintiff alleges claims for: (1) copyright infringement, in violation of the Copyright Act, 17 U.S.C. § 501 et seq.; (2) contributory copyright infringement; (3) vicarious copyright infringement; (4) intentional fraud, as against Sedighi; (5) breach of implied contract; (6) unfair competition and false designation of origin, in violation of the Lanham Act, 15 U.S.C. § 1125(a); (7) trademark infringement under California common law; (8) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq.; (9) trademark infringement by imitating and false advertising, in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|
| Case No. | 2:18-cv-02960-CAS-Ex | Date | May 14, 2019 |
| Title | BOOST BEAUTY, LLC. V. WOO SIGNATURES, LLC. et al. | | |

violation of the Lanham Act, 15 U.S.C. §§ 1114(a)–(b); and (10) common law unfair competition and false designation of origin. See TAC.

On April 22, 2019, defendants filed the instant motion for judgment on the pleadings as to plaintiff's first through third claims, which pertain to copyright infringement. Dkt. 45 ("Mot."). Plaintiff filed an opposition on April 30, 2019, dkt. 47 ("opp'n"), and defendants filed their reply on May 6, 2019, dkt. 49 ("reply").

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARDS

Under Rule 12(c) of the Federal Rules of Civil Procedure, a party may move for judgment on the pleadings at any time after the pleadings are closed, so long as the motion is filed in sufficient time that it will not delay trial. "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012). The court must also view the facts presented in the pleadings and the inferences to be drawn from them in the light most favorable to the nonmoving party. NL Indus. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986); In re Century 21-Re/Max Real Estate Adver. Claims Litig., 882 F. Supp. 915, 921 (C.D. Cal. 1994). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990).

In deciding a motion for judgment on the pleadings, the court generally is limited to the pleadings and may not consider extrinsic evidence. See Fed. R. Civ. P. 12(c) (stating that a Rule 12(c) motion for judgment on the pleadings should be converted into a Rule 56 motion for summary judgment if matters outside the pleadings are considered by the court). A district court may, however, consider documents "whose contents are

| | CIVIL MINUTES – GENERAL | | **'O'** | |
|---|---|---|---|---|
| Case No. | 2:18-cv-02960-CAS-Ex | Date | May 14, 2019 | |
| Title | BOOST BEAUTY, LLC. V. WOO SIGNATURES, LLC. et al. | | | |

alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, a district court may consider a document if the complaint "necessarily relie[s]" on it, and the authenticity of the document is not challenged. Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## III. DISCUSSION

In light of the Supreme Court's holding in Fourth Estate Public Benefit Coproration v. Wall-Street.com, LLC, 139 S. Ct. 881 (2019), which was decided on March 4, 2019, defendants move for judgment on the pleadings as to plaintiff's first through third claims: copyright infringement, in violation of the Copyright Act, 17 U.S.C. § 501 et seq., contributory copyright infringement, and vicarious copyright infringement. Mot. at 1. In Fourth Estate, the Supreme Court held "that registration occurs, and a copyright claimant may commence an infringement suit, when the Copyright Office registers a copyright." Fourth Estate, 139 S. Ct. at 886–87 (affirming the Eleventh Circuit's dismissal of a copyright suit because the Copyright Office had not acted on the plaintiff's applications for copyright). In reaching this conclusion, the Supreme Court overruled Ninth Circuit precedent that held that registration was made when the copyright claimant's "complete application" for registration was received by the Copyright Office. See Id. at 887 (citing Cosmetic Ideas, Inc. v. IAC/Interactivecorp, 606 F.3d 612, 621 (9th Cir. 2010)). Ninth Circuit law now reflects the Supreme Court's position. See Malibu Textiles, Inc. v. Label Lane Int'l, Inc., No. 17-55983, 2019 WL 1781433, at *2 (9th Cir. Apr. 24, 2019) ("To plead ownership, [plaintiff] must plausibly allege it owns a valid copyright registration for its work.") (citing Fourth Estate, 139 S. Ct. at 887).

In this case, plaintiff has not obtained a registration of copyright for the online advertisement which is the subject of plaintiff's copyright claims. Because plaintiff claimed that it had filed an application for registration with the United States Copyright Office, see TAC ¶¶ 36–37, in accordance with the Ninth Circuit's previous standard, the Court previously found that plaintiff adequately alleged ownership of a copyright, which permitted plaintiff to sue for copyright infringement, see dkt. 25 at 6. However, the

Supreme Court's recent and unanimous decision invalidates this conclusion. Fourth Estate, 139 S. Ct. at 887 ("[A]lthough an owner's rights exist apart from registration, see § 408(a), registration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights.")

Notably, however, in Fourth Estate, the Supreme Court identified "limited circumstances" in which a suit for copyright infringement may be filed before undertaking registration—namely where a plaintiff owns materials which are vulnerable to predistribution infringement (e.g. films or musical compositions), for which an owner may apply for preregistration, or where the plaintiff seeks to sue for infringement of a live broadcast. Fourth Estate, 139 S. Ct. at 888 (citing 17 USC §§ 408, 411(c)). While plaintiff does not specify which specific exception would apply in its case, plaintiff argues that its complaint does not "foreclose any of the statutory exceptions to the registration requirement of the Copyright Act." Opp'n at 4. Plaintiff thus contends that the Court should infer that an exception applies in this case. Id. The Court disagrees. To defeat a motion for judgment on the pleadings, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss, 572 F.3d at 969. Here, the Court cannot plausibly infer that plaintiff's case satisfies one of the aforementioned exceptions. Plaintiff has applied for registration of a copyright for a textual advertisement, displayed on webpages; this differs strikingly from a live performance, film, or musical composition.[1] See TAC, Ex. A.

Accordingly, the Court finds that plaintiff cannot bring its copyright infringement claims because the Copyright Office has not yet processed plaintiff's copyright application. The Court therefore **GRANTS** defendants' motion for judgment on the pleadings, with leave to amend.

//

---

[1]     Plaintiff also appears to argue that the Court should deny defendants' motion because the parties had engaged in discussions to stipulate to dismiss plaintiff's copyright claims before defendants filed this motion. Opp'n at 4–5. The failure to stipulate is not a basis to deny defendants' motion, particularly where defendants notified plaintiff of their intention to move for judgment on the pleadings. See Opp'n, Ex. B. Still, the Court admonishes the parties to strive to stipulate where possible, and to act toward one another with the civility required by the Codes of Professional Conduct.

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:18-cv-02960-CAS-Ex | Date | May 14, 2019 |
|----------|----------------------|------|--------------|
| Title | BOOST BEAUTY, LLC. V. WOO SIGNATURES, LLC. et al. |

## IV.    CONCLUSION

For the foregoing reasons, defendants' motion for judgment on the pleadings as to plaintiff's first, second, and third claims is **GRANTED *with leave to amend***.  In the event that plaintiff chooses to amend its pleadings, solely in order to allege that an exception to the registration requirement here applies, plaintiff's amended complaint is due within **twenty-one (21)** days of the date of this order.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|--|----|----|----|
| Initials of Preparer | | CMJ | |