1

2

3

4

5

6

7

8

9

10

11

12

13

14

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| BOOST BEAUTY, LLC, a California limited liability company, | Case No. 2:18-cv-02960-CAS-E |
| Plaintiff, | [~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER** |
| v. | **[DISCOVERY MATTER]** |
| WOO SIGNATURES, LLC, a California limited liability company; TADEH BOOGHOSIANSSARDABI, an individual; FARSHID KARAMZAD GOFLSAZ, an individual; ARASH SEDIGHI, an individual; and DOES 1 through 10, inclusive, | |
| Defendants. | |

24

25

26

27

28

---

1.    A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

B. <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information

2

<u>[PROPOSED] STIPULATED PROTECTIVE ORDER</u>

1   will not be designated as confidential for tactical reasons and that nothing be so

2   designated without a good faith belief that it has been maintained in a confidential,

3   non-public manner, and there is good cause why it should not be part of the public

4   record of this case.

5   C.  ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

6   The parties further acknowledge, as set forth in Section 12.3, below, that this

7   Stipulated Protective Order does not entitle them to file confidential information

8   under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed

9   and the standards that will be applied when a party seeks permission from the court

10   to file material under seal.

11   There is a strong presumption that the public has a right of access to judicial

12   proceedings and records in civil cases.  In connection with non-dispositive motions,

13   good cause must be shown to support a filing under seal. *See Kamakana v. City and*

14   *County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors*

15   *Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics,*

16   *Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders

17   require good cause showing), and a specific showing of good cause or compelling

18   reasons with proper evidentiary support and legal justification, must be made with

19   respect to Protected Material that a party seeks to file under seal.  The parties' mere

20   designation of Disclosure or Discovery Material as CONFIDENTIAL does not—

21   without the submission of competent evidence by declaration, establishing that the

22   material sought to be filed under seal qualifies as confidential, privileged, or

23   otherwise protectable—constitute good cause.

24   Further, if a party requests sealing related to a dispositive motion or trial, then

25   compelling reasons, not only good cause, for the sealing must be shown, and the

26   relief sought shall be narrowly tailored to serve the specific interest to be protected.

27   *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010).  For

28   each item or type of information, document, or thing sought to be filed or introduced

1   under seal in connection with a dispositive motion or trial, the party seeking

2   protection must articulate compelling reasons, supported by specific facts and legal

3   justification, for the requested sealing order. Again, competent evidence supporting

4   the application to file documents under seal must be provided by declaration.

5        Any document that is not confidential, privileged, or otherwise protectable in

6   its entirety will not be filed under seal if the confidential portions can be redacted.

7   If documents can be redacted, then a redacted version for public viewing, omitting

8   only the confidential, privileged, or otherwise protectable portions of the document,

9   shall be filed. Any application that seeks to file documents under seal in their

10   entirety should include an explanation of why redaction is not feasible.

11   2.     <u>DEFINITIONS</u>

12        2.1    <u>Action</u>: this pending federal lawsuit, *Boost Beauty, LLC v. Woo*

13   *Signatures, LLC et al.*, C.D. Cal. Case No. 2:18-cv-02960-CAS-E.

14        2.2    <u>Challenging Party</u>: a Party or Non-Party that challenges the

15   designation of information or items under this Order.

16        2.3    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of

17   how it is generated, stored or maintained) or tangible things that qualify for

18   protection under Federal Rule of Civil Procedure 26(c), and as specified above in

19   the Good Cause Statement.

20        2.4    <u>"HIGHLY CONFIDENTIAL – Attorneys' Eyes Only" Information or</u>

21   <u>Items</u>: Information (regardless of how it is generated, stored or maintained) or

22   tangible things that qualify for protection under Federal Rule of Civil Procedure

23   26(c), and as specified above in the Good Cause Statement. This designation is

24   limited to material that is so commercially sensitive that a party would be at a severe

25   economic disadvantage if its competitors were able to review the material. Examples

26   of HIGHLY CONFIDENTIAL – Attorneys' Eyes Only material include, but are not

27   limited to, customer lists and trade secrets.

28

[PROPOSED] STIPULATED PROTECTIVE ORDER

1    2.5    Counsel: Outside Counsel of Record and House Counsel (as well as

2    their support staff).

3    2.6    Designating Party: a Party or Non-Party that designates information or

4    items that it produces in disclosures or in responses to discovery as

5    "CONFIDENTIAL."

6    2.7    Disclosure or Discovery Material: all items or information, regardless

7    of the medium or manner in which it is generated, stored, or maintained (including,

8    among other things, testimony, transcripts, and tangible things), that are produced or

9    generated in disclosures or responses to discovery in this matter.

10    2.8    Expert: a person with specialized knowledge or experience in a matter

11    pertinent to the litigation who has been retained by a Party or its counsel to serve as

12    an expert witness or as a consultant in this Action.

13    2.9    House Counsel: attorneys who are employees of a party to this Action.

14    House Counsel does not include Outside Counsel of Record or any other outside

15    counsel.

16    2.10    Non-Party: any natural person, partnership, corporation, association or

17    other legal entity not named as a Party to this action.

18    2.11    Outside Counsel of Record: attorneys who are not employees of a

19    party to this Action but are retained to represent or advise a party to this Action and

20    have appeared in this Action on behalf of that party or are affiliated with a law firm

21    that has appeared on behalf of that party, and includes support staff.

22    2.12    Party: any party to this Action, including all of its officers, directors,

23    employees, consultants, retained experts, and Outside Counsel of Record (and their

24    support staffs).

25    2.13    Producing Party: a Party or Non-Party that produces Disclosure or

26    Discovery Material in this Action.

27    2.14    Professional Vendors: persons or entities that provide litigation

28    support services (e.g., photocopying, videotaping, translating, preparing exhibits or

[PROPOSED] STIPULATED PROTECTIVE ORDER

1  demonstrations, and organizing, storing, or retrieving data in any form or medium)

2  and their employees and subcontractors.

3      2.15  Protected Material: any Disclosure or Discovery Material that is

4  designated as "CONFIDENTIAL."

5      2.16  Receiving Party: a Party that receives Disclosure or Discovery

6  Material from a Producing Party.

7  3.    SCOPE

8      The protections conferred by this Stipulation and Order cover not only

9  Protected Material (as defined above), but also (1) any information copied or

10 extracted from Protected Material; (2) all copies, excerpts, summaries, or

11 compilations of Protected Material; and (3) any testimony, conversations, or

12 presentations by Parties or their Counsel that might reveal Protected Material.

13 Any use of Protected Material at trial shall be governed by the orders of the trial

14 judge.  This Order does not govern the use of Protected Material at trial.

15 4.    DURATION

16     FINAL DISPOSITION of the action is defined as the conclusion of any

17 appellate proceedings, or, if no appeal is taken, when the time for filing of an appeal

18 has run.  Except as set forth below, the terms of this protective order apply through

19 FINAL DISPOSITION of the action.  The parties may stipulate that the they will be

20 contractually bound by the terms of this agreement beyond FINAL DISPOSITION,

21 but will have to file a separate action for enforcement of the agreement once all

22 proceedings in this case are complete.

23     Once a case proceeds to trial, information that was designated as

24 CONFIDENTIAL or maintained pursuant to this protective order used or introduced

25 as an exhibit at trial becomes public and will be presumptively available to all

26 members of the public, including the press, unless compelling reasons supported by

27 specific factual findings to proceed otherwise are made to the trial judge in advance

28 of the trial.  *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause"

[PROPOSED] STIPULATED PROTECTIVE ORDER

1   showing for sealing documents produced in discovery from "compelling reasons"

2   standard when merits-related documents are part of court record).  Accordingly, for

3   such materials, the terms of this protective order do not extend beyond the

4   commencement of the trial.

5   5.      DESIGNATING PROTECTED MATERIAL

6          5.1    Exercise of Restraint and Care in Designating Material for Protection.

7   Each Party or Non-Party that designates information or items for protection under

8   this Order must take care to limit any such designation to specific material that

9   qualifies under the appropriate standards.  The Designating Party must designate for

10  protection only those parts of material, documents, items or oral or written

11  communications that qualify so that other portions of the material, documents, items

12  or communications for which protection is not warranted are not swept unjustifiably

13  within the ambit of this Order.

14         Mass, indiscriminate or routinized designations are prohibited.  Designations

15  that are shown to be clearly unjustified or that have been made for an improper

16  purpose (e.g., to unnecessarily encumber the case development process or to impose

17  unnecessary expenses and burdens on other parties) may expose the Designating

18  Party to sanctions.

19         If it comes to a Designating Party's attention that information or items that it

20  designated for protection do not qualify for protection, that Designating Party must

21  promptly notify all other Parties that it is withdrawing the inapplicable designation.

22         5.2    Manner and Timing of Designations.  Except as otherwise provided in

23  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

24  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

25  under this Order must be clearly so designated before the material is disclosed or

26  produced.

27         Designation in conformity with this Order requires:

28

[PROPOSED] STIPULATED PROTECTIVE ORDER

1    (a) for information in documentary form (e.g., paper or electronic documents,

2 but excluding transcripts of depositions or other pretrial or trial proceedings), that

3 the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or

4 "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only," to each page that contains

5 protected material.  If only a portion of the material on a page qualifies for

6 protection, the Producing Party also must clearly identify the protected portion(s)

7 (e.g., by making appropriate markings in the margins).

8    A Party or Non-Party that makes original documents available for inspection

9 need not designate them for protection until after the inspecting Party has indicated

10 which documents it would like copied and produced.  During the inspection and

11 before the designation, all of the material made available for inspection shall be

12 deemed "CONFIDENTIAL ."  After the inspecting Party has identified the

13 documents it wants copied and produced, the Producing Party must determine which

14 documents, or portions thereof, qualify for protection under this Order.  Then,

15 before producing the specified documents, the Producing Party must affix the

16 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only"

17 legend to each page that contains Protected Material.  If only a portion of the

18 material on a page qualifies for protection, the Producing Party also must clearly

19 identify the protected portion(s) (e.g., by making appropriate markings in the

20 margins).

21    (b) for testimony given in depositions that the Designating Party identifies

22 the Disclosure or Discovery Material on the record, before the close of the

23 deposition all protected testimony.

24    (c) for information produced in some form other than documentary and for

25 any other tangible items, that the Producing Party affix in a prominent place on the

26 exterior of the container or containers in which the information is stored the legend

27 "CONFIDENTIAL" or HIGHLY CONFIDENTIAL – Attorneys' Eyes Only."  If

28

[PROPOSED] STIPULATED PROTECTIVE ORDER

1  only a portion or portions of the information warrants protection, the Producing

2  Party, to the extent practicable, shall identify the protected portion(s).

3      5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent

4  failure to designate qualified information or items does not, standing alone, waive

5  the Designating Party's right to secure protection under this Order for such material.

6  Upon timely correction of a designation, the Receiving Party must make reasonable

7  efforts to assure that the material is treated in accordance with the provisions of this

8  Order.

9  6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

10      6.1    Timing of Challenges. Any Party or Non-Party may challenge a

11  designation of confidentiality at any time that is consistent with the Court's

12  Scheduling Order.

13      6.2    Meet and Confer. The Challenging Party shall initiate the dispute

14  resolution process under Local Rule 37.1 *et seq.*

15      6.3    The burden of persuasion in any such challenge proceeding shall be on

16  the Designating Party. Frivolous challenges, and those made for an improper

17  purpose (e.g., to harass or impose unnecessary expenses and burdens on other

18  parties) may expose the Challenging Party to sanctions. Unless the Designating

19  Party has waived or withdrawn the confidentiality designation, all parties shall

20  continue to afford the material in question the level of protection to which it is

21  entitled under the Producing Party's designation until the Court rules on the

22  challenge.

23  7.    ACCESS TO AND USE OF PROTECTED MATERIAL

24      7.1    Basic Principles. A Receiving Party may use Protected Material that is

25  disclosed or produced by another Party or by a Non-Party in connection with this

26  Action only for prosecuting, defending or attempting to settle this Action. Such

27  Protected Material may be disclosed only to the categories of persons and under the

28  conditions described in this Order. When the Action has been terminated, a

9

1  Receiving Party must comply with the provisions of section 13 below (FINAL

2  DISPOSITION).

3       Protected Material must be stored and maintained by a Receiving Party at a

4  location and in a secure manner that ensures that access is limited to the persons

5  authorized under this Order.

6       7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless

7  otherwise ordered by the court or permitted in writing by the Designating Party, a

8  Receiving Party may disclose any information or item designated

9  "CONFIDENTIAL" only to:

10       (a)  the Receiving Party's Outside Counsel of Record in this Action, as

11  well as employees of said Outside Counsel of Record to whom it is reasonably

12  necessary to disclose the information for this Action;

13       (b)  the officers, directors, and employees (including House Counsel) of

14  the Receiving Party to whom disclosure is reasonably necessary for this Action;

15       (c)  Experts (as defined in this Order) of the Receiving Party to whom

16  disclosure is reasonably necessary for this Action and who have signed the

17  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

18       (d)  the court and its personnel;

19       (e)  court reporters and their staff;

20       (f)  professional jury or trial consultants, mock jurors, and Professional

21  Vendors to whom disclosure is reasonably necessary for this Action and who have

22  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

23       (g)  the author or recipient of a document containing the information or

24  a custodian or other person who otherwise possessed or knew the information;

25       (h)  during their depositions, witnesses, and attorneys for witnesses, in

26  the Action to whom disclosure is reasonably necessary provided: (1) the deposing

27  party requests that the witness sign the form attached as Exhibit A hereto; and (2)

28  they will not be permitted to keep any confidential information unless they sign the

1    "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

2    agreed by the Designating Party or ordered by the court.  Pages of transcribed

3    deposition testimony or exhibits to depositions that reveal Protected Material may

4    be separately bound by the court reporter and may not be disclosed to anyone except

5    as permitted under this Stipulated Protective Order; and

6            (i)  any mediator or settlement officer, and their supporting personnel,

7    mutually agreed upon by any of the parties engaged in settlement discussions.

8            7.3    Disclosure of "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only"

9    Information or Items. Unless otherwise ordered by the court or permitted in writing

10   by the Designating Party, a Receiving Party may disclose any information or item

11   designated "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only" only to:

12           (a)  the Receiving Party's Outside Counsel of Record in this Action, as

13   well as employees of said Outside Counsel of Record to whom it is reasonably

14   necessary to disclose the information for this Action;

15           (b)  Experts (as defined in this Order) of the Receiving Party to whom

16   disclosure is reasonably necessary for this Action and who have signed the

17   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

18           (c)  the court and its personnel;

19           (d)  court reporters and their staff;

20           (e)  professional jury or trial consultants, mock jurors, and Professional

21   Vendors to whom disclosure is reasonably necessary for this Action and who have

22   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

23           (f)  the author or recipient of a document containing the information or

24   a custodian or other person who otherwise possessed or knew the information;

25           (g)  during their depositions, witnesses, and attorneys for witnesses, in

26   the Action to whom disclosure is reasonably necessary provided: (1) the deposing

27   party requests that the witness sign the form attached as Exhibit A hereto; and (2)

28   they will not be permitted to keep any confidential information unless they sign the

11

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1    "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

2    agreed by the Designating Party or ordered by the court.  Pages of transcribed

3    deposition testimony or exhibits to depositions that reveal Protected Material may

4    be separately bound by the court reporter and may not be disclosed to anyone except

5    as permitted under this Stipulated Protective Order; and

6                 (h) any mediator or settlement officer, and their supporting personnel,

7    mutually agreed upon by any of the parties engaged in settlement discussions.

8    8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

9            IN OTHER LITIGATION

10          If a Party is served with a subpoena or a court order issued in other litigation

11   that compels disclosure of any information or items designated in this Action as

12   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only," that

13   Party must:

14                 (a) promptly notify in writing the Designating Party.  Such notification

15   shall include a copy of the subpoena or court order;

16                 (b) promptly notify in writing the party who caused the subpoena or

17   order to issue in the other litigation that some or all of the material covered by the

18   subpoena or order is subject to this Protective Order.  Such notification shall include

19   a copy of this Stipulated Protective Order; and

20                 (c) cooperate with respect to all reasonable procedures sought to be

21   pursued by the Designating Party whose Protected Material may be affected.

22          If the Designating Party timely seeks a protective order, the Party served with

23   the subpoena or court order shall not produce any information designated in this

24   action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes

25   Only" before a determination by the court from which the subpoena or order issued,

26   unless the Party has obtained the Designating Party's permission.  The Designating

27   Party shall bear the burden and expense of seeking protection in that court of its

28   confidential material and nothing in these provisions should be construed as

12

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1   authorizing or encouraging a Receiving Party in this Action to disobey a lawful

2   directive from another court.

3   9.     <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE</u>

4        <u>PRODUCED IN THIS LITIGATION</u>

5        (a) The terms of this Order are applicable to information produced by a Non-

6   Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY

7   CONFIDENTIAL – Attorneys' Eyes Only/" Such information produced by Non-

8   Parties in connection with this litigation is protected by the remedies and relief

9   provided by this Order. Nothing in these provisions should be construed as

10   prohibiting a Non-Party from seeking additional protections.

11        (b) In the event that a Party is required, by a valid discovery request, to

12   produce a Non-Party's confidential information in its possession, and the Party is

13   subject to an agreement with the Non-Party not to produce the Non-Party's

14   confidential information, then the Party shall:

15        (1) promptly notify in writing the Requesting Party and the Non-Party

16   that some or all of the information requested is subject to a confidentiality

17   agreement with a Non-Party;

18        (2) promptly provide the Non-Party with a copy of the Stipulated

19   Protective Order in this Action, the relevant discovery request(s), and a reasonably

20   specific description of the information requested; and

21        (3) make the information requested available for inspection by the

22   Non-Party, if requested.

23        (c) If the Non-Party fails to seek a protective order from this court within 14

24   days of receiving the notice and accompanying information, the Receiving Party

25   may produce the Non-Party's confidential information responsive to the discovery

26   request. If the Non-Party timely seeks a protective order, the Receiving Party shall

27   not produce any information in its possession or control that is subject to the

28   confidentiality agreement with the Non-Party before a determination by the court.

[PROPOSED] STIPULATED PROTECTIVE ORDER

1  Absent a court order to the contrary, the Non-Party shall bear the burden and

2  expense of seeking protection in this court of its Protected Material.

3  10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

4       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

5  Protected Material to any person or in any circumstance not authorized under this

6  Stipulated Protective Order, the Receiving Party must immediately (a) notify in

7  writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

8  to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

9  persons to whom unauthorized disclosures were made of all the terms of this Order,

10  and (d) request such person or persons to execute the "Acknowledgment and

11  Agreement to Be Bound" that is attached hereto as Exhibit A.

12  11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

13       PROTECTED MATERIAL

14       When a Producing Party gives notice to Receiving Parties that certain

15  inadvertently produced material is subject to a claim of privilege or other protection,

16  the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

17  Procedure 26(b)(5)(B).  This provision is not intended to modify whatever

18  procedure may be established in an e-discovery order that provides for production

19  without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and

20  (e), insofar as the parties reach an agreement on the effect of disclosure of a

21  communication or information covered by the attorney-client privilege or work

22  product protection, the parties may incorporate their agreement in the stipulated

23  protective order submitted to the court.

24  12.   MISCELLANEOUS

25       12.1   Right to Further Relief.  Nothing in this Order abridges the right of any

26  person to seek its modification by the Court in the future.

27       12.2   Right to Assert Other Objections.  By stipulating to the entry of this

28  Protective Order, no Party waives any right it otherwise would have to object to

[PROPOSED] STIPULATED PROTECTIVE ORDER

disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.   FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.   <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

For good cause shown, and pursuant to the Parties' Stipulation, IT IS SO ORDERED.

Date: _8/27/19_

_____

Hon. Charles F. Eick
United States Magistrate Judge

**[PROPOSED] STIPULATED PROTECTIVE ORDER**