Dariush G. Adli, Esq. (SBN: 204959)
  adli@adlilaw.com
Drew H. Sherman, Esq. (SBN: 237045)
  drew.sherman@adlilaw.com
ADLI LAW GROUP, P.C.
444 South Flower Street, Suite 3100
Los Angeles, California 90071
Telephone: 213-623-6546
Facsimile: 213-623-6554

Attorneys for Boost Beauty, LLC
and third parties Yasha Asadpoor and Ani Moosakhanian

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOOST BEAUTY, LLC, a California limited liability company, <br><br> *Plaintiff*, <br><br> v. <br><br> WOO SIGNATURES, LLC, a California limited liability company; TADEH BOOGHOSIANSSARDABI, an individual; FARSHID KARAMZAD GOFLSAZ, an individual; ARASH SEDIGHI, an individual; and DOES 1-10, inclusive, <br><br> *Defendants*. | Case No. 2:18-cv-02960-CAS-E <br><br> *Honorable Charles F. Eick* <br><br> **NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA UPON GODADDY REGARDING THIRD PARTIES YASHA ASADPOOR AND ANI MOOSAKHANIAN** <br><br> Date: February 21, 2020 <br> Time: 9:30 A.M. <br> Crtrm: 750 Roybal |

**TO ALL PARTIES HEREIN, AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:**

Please take notice that on February 21, 2020 at 9:30 am or as soon thereafter as may be heard in Courtroom 750 Roybal of the above-entitled court, located at 255 East Temple Street, Los Angeles, third party subjects of Defendants' subpoena, Yasha Asadpoor and Ani Moosakhanian, will and hereby do move this Court to quash Defendants' subpoena for production of records issued to the Compliance Department for GoDaddy.com, LLC ("GoDaddy").

This Motion is brought pursuant to Federal Rule of Civil Procedure 45(d)(3) and on the grounds that the records request is not within the permissible scope of discovery, is not reasonably calculated to lead to admissible evidence and violates the privacy of third parties. They do not bear any direct relevance to the issues in this action.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Drew H. Sherman, the records and pleadings on file in this action, and the arguments and evidence presented at the hearing.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on January 14, 2020.

ADLI LAW GROUP, P.C.

Dated: January 23, 2020      By:      */s/Drew H. Sherman*
                                                    Dariush G. Adli, Esq.
                                                  Drew H. Sherman, Esq.
                                                  *Attorneys for Plaintiff*
                                                  *Boost Beauty, LLC*
                                                  *and third parties Yasha Asadpoor and Ani Moosakhanian*

ADLI LAW GROUP, P.C.
(213) 623-6546

2332.201

# MEMORANDUM OF POINTS & AUTHORITIES

## I. INTRODUCTION

This Motion to Quash arises from the issuance of a business records subpoena upon the Compliance Department for GoDaddy.com, LLC for websites registered by Yasha Asadpoor and Ani Moosakhanian.

The information sought from GoDaddy does not appear to be reasonably calculated to lead to any admissible evidence. The primary questions at issue in this case are whether Defendants are liable for trademark infringement, unfair competition, misappropriation of trade secrets, and fraud. The third-party records sought in this subpoena have no relevance to those questions.

Additionally, the subpoena seeks information regarding two non-parties to the lawsuit. They are entitled to a right of privacy with regards to their personal interests, including but not limited to websites. This right mandates that no private information should be disclosed unless Defendants as the subpoenaing parties demonstrate there is a "compelling need" relative to the issues in this case. For the reasons set forth below, Asadpoor and Moosakhanian respectfully submit this threshold cannot be met.

## II. STATEMENT OF FACTS

The operative complaint alleges, among other things, that Defendants have used without Plaintiff's authorization a trademark which closely resembles and is substantially indistinguishable from Plaintiff's registered trademark, which has caused confusion in the market, misappropriated a trade secret, and further that Defendants committed a fraud on a principal of Plaintiff to accomplish this misappropriation. (Dkt. No. 32.) Yasha Asadpoor and Ani Moosakhanian, and what domain names they previously owned as individuals, are not parties to the litigation, and there are not any cross-claims against Plaintiff or any other party.

Notwithstanding these facts, Defendants subpoenaed the records of GoDaddy, seeking the production of: "All websites registered by Yasha Asadpoor and/or Ani

ADLI LAW GROUP, P.C.
(213) 623-6546
2332.201

Moosakhanian." (Declaration of Drew Sherman ("Sherman Decl.")).

Defendants are wrongfully seeking discovery into privileged and irrelevant material of third parties.

## III. THIRD PARTIES ASADPOOR AND MOOSAKHANIAN MAY MOVE TO QUASH THE SUBPOENA.

Third parties have standing to bring a motion to quash where, even though they are not the subpoenaed party, they are the target of the information sought. See *Packaging Corporation of America v. Bonert's, Inc.*, 2019 WL 1223165 at *4 (C.D. Cal. Mar. 11, 2019); see also *In re Grand Jury Subpoenas Dated Dec. 10, 1987*, 926 F.2d 847, 853 (9th Cir. 1991).

One basis upon which a court must quash or modify a subpoena is when the information sought "requires disclosure of privileged or other protected matter…" Fed.R.Civ.P.45(d)(3)(A)(iii).

## IV. THE COURT MUST QUASH THE GODADDY SUBPOENA BECAUSE THE INFORMATION SOUGHT IS NOT RELEVANT TO THE INSTANT LITIGATION, AND THEREFORE DEFENDANTS CANNOT PROVE THERE IS A "COMPELLING NEED" SUFFICIENT TO OVERCOME THE THIRD PARTIES' RIGHT TO PRIVACY

Federal courts balance a litigant's need for information against the privacy right of individuals, including third parties. See *Stallworth v. Brollini*, 288 F.R.D. 439, 444 (N.D. Cal. 2012). Where state law provides privacy as a right or privilege, federal courts honor that by protecting the information from disclosure in discovery. *Garcia v. City of Imperial*, 270 F.R.D. 566, 572 (S.D. Cal. 2010).

The California Constitution explicitly grants individuals a right to privacy. Cal. Const., art. I, §1. The California Supreme Court has held this right to privacy extends to third parties. *Valley Bank v. Superior Court*, 15 Cal.3d 652 (1975).

Where the right to privacy is asserted, "[t]he party seeking discovery must demonstrate a compelling need for discovery, and that compelling need must be so strong as to outweigh the privacy right when these two competing interests are carefully balanced." *Lantz v. Superior Court*, 28 Cal.App.4th 1839, 1853-54 (1994) ("*Lantz*"). Even where disclosure is justified, its scope should be tempered with "narrow specificity" so as to protect the individual's privacy right. *Britt v. Superior Court*, 20 Cal.3d. 844, 856 (1978).

Here, the records sought by the Subpoena do not appear reasonably calculated to lead to any admissible evidence. Simply put, this case pertains to Plaintiff's claims against Defendants for trademark infringement, misappropriation of trade secrets, unfair competition, and fraud claims. Accordingly, the only relevant inquires pertain to Defendants' website(s) or, at best, Plaintiff's website(s). The website(s) of individual third parties, especially those websites that are no longer owned by those individuals, have no relevance to the underlying lawsuit. Given they are not relevant, there can be no "compelling need" for their disclosure, let alone one which would outweigh the third parties' right to privacy. *Lantz, supra*, 28 Cal.App.4th at 1853-54.

Accordingly, the Subpoena must be quashed in its entirety, as it calls for production of documents not within the permissible scope of discovery and of a highly personal nature such as to violate rights of privacy.

## V. CONCLUSION

For the reasons set forth above, third parties Yasha Asadpoor and Ani Moosakhanian respectfully request that the Court grant the Motion to Quash in its entirety.

ADLI LAW GROUP, P.C.

Dated: January 23, 2020    By:    */s/Drew H. Sherman*
Dariush G. Adli, Esq.
Drew H. Sherman, Esq.
*Attorneys for Plaintiff*
*Boost Beauty, LLC*
*and third parties Yasha Asadpoor and Ani Moosakhanian*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing documents with the Clerk of the Court for the United States District Court for the Central District of California by using the CM/ECF system on January 22, 2020:

**NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA UPON GODADDY REGARDING THIRD PARTIES YASHA ASADPOOR AND ANI MOOSAKHANIAN**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF System.

I certify under penalty of perjury that the foregoing is true and correct. Executed January 22, 2020 at Los Angeles, California.

Dated: January 22, 2020           /s/ Drew H. Sherman
                                  Drew H. Sherman, Esq.