Drew H. Sherman, Esq. (SBN: 237045)
  drewhshermanesq@gmail.com
LAW OFFICES OF DREW H. SHERMAN
23921 Sylvan St.
Woodland Hills, California 91367
Telephone: 818-620-1563

Attorneys for Plaintiff and Counter-Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOOST BEAUTY, LLC, a California limited liability company,<br><br>*Plaintiff*,<br><br>v.<br><br>WOO SIGNATURES, LLC, a California limited liability company; TADEH BOOGHOSIANSSARDABI, an individual; FARSHID KARAMZAD GOFLSAZ, an individual; ARASH SEDIGHI, an individual; and DOES 1-10, inclusive,<br><br>*Defendants*.<br><br>AND RELATED COUNTER-ACTION | Case No. 2:18-cv-02960-CAS-E<br>*Hon. Christina A. Snyder*<br><br>**PLAINTIFF'S AND COUNTER-DEFENDANTS' OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT ON CLAIMS 6-11**<br><br>Date: Feb 7, 2022<br>Time: 10:00 a.m.<br>Location: 8D |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE** that Plaintiff, Boost Beauty, LLC ("Plaintiff"), and Counter-Defendants, Ani Moosakhanian and Yasha Asadpoor, (collectively "Counter-Defendants") (Plaintiff and Counter-Defendants collectively "Plaintiff") hereby oppose the Motion for Summary Judgment on Claims 6-11 (the "MSJ") filed by Defendants' and Counterclaimants', Woo Signatures, LLC, Tadeh Booghosianssardabi, Farshid Karamzad Goflsaz, and Arash Sedighi, (collectively "Defendants") as follows:

## ARGUMENT IN OPPOSITION

### I. INTRODUCTION

Defendants' MSJ is dead on arrival, as Defendants have shined a light on the inherent shortcomings of the arguments they make in their MSJ: claims 6-11 are heavily fact based and can only be determined by a jury.

To say the Defendants are "massaging the facts" of this case is a generous characterization of the falsities, red herrings, half-truths, and outright misrepresentations the Defendants have presented this Court in the MSJ[1]. But, giving the Defendants the benefit of the doubt, the Defendants' "interpretations" of the evidence (deposition testimony, documents, written discovery responses, and use of experts) defeats the MSJ from the outset.

Defendants allege facts in the MSJ and their Statement of Uncontroverted Facts and Conclusions of Law (the "SUF") which are nothing more than the Defendants wildly inaccurate and blatantly misleading "versions" of the evidence in the record. Yet, because the Defendants' versions of the evidence are their subjective opinions, which Plaintiff, and any reasonable trier of fact, could conclude states the exact opposite of the conclusions presented by the Defendants, there are a genuine issues of material facts needing to be adjudicated. Indeed, a summary judgment is improper.

---

[1] The representations made by the Defendants in their MSJ and SUF are so egregiously inaccurate and intentionally misleading that Plaintiff's counsel is considering filing a Rule 11 Motion relating to those pleadings.

1
PLAINTIFF'S AND COUNTER-DEFENDANTS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON CLAIMS 6-11

Defendants allege that the Plaintiff's principals have admitted in their depositions that they "stole" something from their previous employer that created the success of the Plaintiff (See Dkt. No. 113-1 pg. 2:14-16). This misrepresentation is simply not true. The Plaintiff's principals' responses in their respective depositions to that specific question was the exact opposite; they each testified on the record that, specifically, they took nothing from their previous employer (See Plaintiff's Statement of Controverted Facts and Conclusions of Law "SCF" 41).

Defendants claim that one of the Counter-Defendants "stole" a SIM card from one of the Defendants' phones (See Dkt. No. 113-1 pg. 2:23-28) and that the same Counter-Defendant lied in his discovery responses because he "admitted" theft of the SIM card in his deposition (See Dkt. No. 113-1 pg. 3:7-9). While Defendants need to attend a lecture on criminal law relating to the elements required for specific crimes, like theft, the Defendants' representation to this Court as to what was "admitted" in a deposition is an intentional misrepresentation. The Counter-Defendant never admitted any theft of any thing in his deposition; he testified that he just used the SIM card to get into a social media account and put the SIM card right back in the phone (he had no intent to permanently deprive Defendant of their SIM card, a necessary element for theft) (See SCF 47). Thus, unlike Defendants' claim of fact, the Counter-Defendant did not lie in his written discovery responses (See Dkt. No. 113-1 pg. 3:7-9), the Counter-Defendant testified at his deposition and in his written discovery responses that the Defendant's phone was lying around in the bedroom, which both people shared, while the Defendant took a shower (See SCF 36).

The foregoing were just a couple of examples of how Defendants' MSJ is based on their "interpretation" of the evidence, and how an alternate interpretation of the same evidence (a/k/a the facts) can be derived by a reasonable trier of fact, thereby creating genuine issues of material facts.

Additionally, the legal subject areas contained in this litigation, and for which Defendants seek a summary judgment, are widely accepted by district courts to be

areas of law which are heavily fact based and, therefore, not proper for summary judgment. All intellectual property law (trademarks, patents, copyrights, and trade secrets) ("IP"), specifically trademarks and trade secrets in this case, are so individualized and are on a "case-by-case" basis, given the individual facts of each respective litigation, that it is extremely rare that the evidence and facts of an IP litigation are so one-sided, even viewing the evidence in a light most favorable to the non-moving party, that no genuine issues of material fact could be found by a reasonable trier of fact.

Here, Defendants attempt to escape responsibility for their bad acts by substituting surmise and conclusory statements for evidentiary based legal findings in areas of intellectual property law that are, almost always, reserved for a jury's determination. Factual findings, such as whether the Defendants use of Plaintiff's registered trademark is likely to confuse consumers and whether Plaintiff's trademark has secondary meaning, have been universally held to be within the scope of a jury's decision making, and not proper for summary judgment. Yet, Defendants purport to know more than the learned justices who have consistently found differently in creating *stare decisis* in these areas. Defendants hold themselves in too high a regard in that they cannot ignore precedent, no matter how much they misrepresent, twist, and falsely state the facts or throw red herrings at this Court.

This MSJ should be denied in full.

## II. STATEMENT OF FACTS[2]

As stated above, the Defendants' "Statement of Facts," as contained in the MSJ, is so riddled with errors, conjecture, and "make-believe," that labeling that section of the MSJ as a "Statement of Facts" is a misnomer and misleading, in and of itself. The following is the correct version of the facts Defendants are alluding to in the MSJ.

---

[2] Plaintiff will not go through an entire recitation of the history of the parties in the Statement of Facts, as this Court has been made aware of each side's version of the facts of the case multiple times during the pleading stages. Rather, Plaintiff will just provide this Court with the correct facts in the areas brought forth by the Defendants in the MSJ.

### A. Plaintiff Did Not Copy The Same Product From Their Employer

While the principals of Plaintiff did work at a company which sold a similar product, among hundreds of other products and services, prior to making Plaintiff's business their "full-time" job, the principals worked for that company as software developers (SCF 41). They were not in marketing or sales or product development (SCF 41).

Plaintiff's principals did not admit they stole Plaintiff's business from that previous employer, as both principals were asked that direct question in their depositions and both answered in the negative (SCF 41). The text message on which Defendants use in surmising that Plaintiff was derived from a "stolen" business was explained under oath by the Plaintiff's principals at their deposition as referring to something other than their previous employer (SCF 41).

### B. The Allegedly Stolen SIM Card[3]

Counter-Defendant Yasha ("Yasha") never stole the Defendant's SIM card, as represented in the MSJ. Yasha borrowed the SIM card while the Defendant was in the shower and had left his phone out in the common area of the bedroom he shared with Yasha. Yasha returned the SIM card before the Defendant finished his shower (SCF 47). This is consistent with the responses provided in Yasha's written discovery (SCF 36).

### C. Plaintiff Did Not State Its Trademark Was Descriptive

Plaintiff wildly misquotes and extrapolates, without justification, the 30(b)(6) witness by claiming that she admitted to the trademark being descriptive. What the 30(b)(6) witness actually testified when asked why Plaintiff chose "Boostlash" as its products name, was because the name sounded sharp, and the Plaintiff's principals simply liked the name (SCF 4-7).

---

[3] Defendants fail to apprise this Court that this entire litigation started because the same Defendant complaining of the borrowed SIM card was the real industrial spy, looking through Yasha's computer and phone, and taking pictures of the same while Yasha slept, substantially prior to the SIM Card drama

4

PLAINTIFF'S AND COUNTER-DEFENDANTS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON CLAIMS 6-11

### D. Plaintiff Has Spent A Tremendous Amount of Money In Marketing

Defendants make the conclusory statement that Plaintiff does not spend money marketing its trademark (See Dkt. No. 113-1 pg. 4: 6-7). However, this is not what the 30(b)6 witness or the documents produced demonstrate. Plaintiff has spent tremendous sums of money bidding in its trademark in Google Ad Words and has done print marketing and campaigns for its product worldwide (SUF 24-25).

### E. The Evidence Of The Customer Confusion Is The Testimony Of Its Employee

Defendants claim Plaintiff has no evidence of customer confusion. This is nothing more than a misrepresentation of fact. Witness testimony has always been included as evidence. Plaintiff's employee was deposed and testified to the instances of customer confusion (just as if she had memorialized the calls in notes; both being the employees' comments on confused customer communications (See Dkt No. 113-2 ¶¶12-13).

### F. Defendants Do Not Address The Real Issue

Defendants attempt, unsuccessfully, to engage in "slide of hand" and "smoke and mirrors" when it comes to their trademark arguments. This would a smart strategy by the Defendants, since they admit to infringing the Plaintiff's trademark (See Dkt. No. 113-1 pg. 4:20-22). However, the Defendants misstate and misapply the operative trademark law, as well as forget to disclose their other websites use of the Trademark.

### III. ARGUMENT IN OPPOSITION

Defendants' MSJ cannot be granted as Defendants do not present any evidence or arguments of law which, when viewing the evidence in a light most favorable to the Plaintiff, a reasonable trier of fact would conclude that no genuine disputes of material facts exist. Defendants rely on wrong and false interpretations of facts and surmise, as well as draw legal conclusions in areas of law which are recognized as being heavily fact based and only proper for a jury.

## A. The Law On Summary Judgment Heavily Weighs In Plaintiff's Favor

The standard for granting a summary judgment is that the court must find there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed Rules of Civ. Pro. 56(a).

Yet, summary judgment is a drastic remedy and is to be undertaken with caution. *Anderson v. Liberty Lobb, Inc.*, 477 US 242, 255 (1986). Where a decision requires "experience with the main springs of human conduct" and "reference to the data of practical human experience," the jury must make the determination and summary judgment is improper. *Nunez v. Superior Oil Co.*, 572 F2d 1119, 1126 (5th Cir. 1978).

Summary judgment cannot be granted where a genuine dispute exists as to some material facts. Fed. Rules of Civ. Pro. 56(a). "Material Facts" are those which would affect the outcome of the case. *Anderson*, 477 US at 242. A factual dispute is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. The evidence presented must be such that it is "enough to require a jury or judge to resolve *the parties' differing versions of the truth*." *Aydin Corp. v. Loral Corp.*, 718 F. 2d 897, 902 (9th Cir. 1983) (emphasis added). If reasonable minds could differ on the inferences to be drawn from the evidence presented, summary judgment should be denied. *Adickes v. S.H. Kress & Co.*, 398 US 144, 157 (1970). As such, where words or conduct may be interpreted in several ways, one supporting the motion and one controverting it, summary judgment must be denied. *Masson v. New Yorker Magazine, Inc.*, 501 US 496 (1991)

"The judge's function [in a summary judgment proceeding] is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 US at 249. Determining the credibility of the evidence presented in a summary judgment motion, by either side, is not proper, as weighing evidence is the purview of the jury. *Id*. at 255; *SEC v. Kordacorp Industries*, 575 F. 2d 692, 699 (9th Cir. 1978). Thus, a single declarant

can create a triable issue of fact even if contradicted by many opposing declarations. *U.S. v. One Parcel of Real Property*, 904 F. 2d 487, 491-492 (9th Cir. 1990).

What's more, the court in a summary judgment motion must view the evidence presented on the motion in the light most favorable to the opposing party: "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 US at 255. All reasonable inferences must be drawn in the non-moving party's favor, whether the underlying facts are disputed or not in controversy; *the nonmovant's version of any disputed issue of fact is presumed correct*. *Eastman Kodak Co. v. Image Technical Services, Inc.*, 504 US 451 (1992); *McSherry v. City of Long Beach*, 584 F. 3d 1129, 1135 (9th Cir. 2009) (emphasis added).

Most importantly though, summary judgment is the exception and not the rule in IP infringement cases. *Garter-Bare Co. v. Musingwear, Inc.*, 650 F. 2d 975, 982 (9th Cir. 1980). "Because of the intensely factual nature of trademark disputes, summary judgment is generally disfavored in the trademark arena." *Interstellar Starship Services, Ltd. V. Epix, Inc.*, 184 F. 3d 1107, 1109 (9th Cir. 1999). In fact, an action where the question is whether a trademark is descriptive, and, if so, whether the trademark has acquired secondary meaning, effectively precludes a summary judgment motion in trademark and unfair competition cases. *Zobmondo Entertainment, LLC v. Falls Media, LLC*, 602 F. 3d 1108, 1115 (9th Cir. 2010).

The claims that Defendants seek to have adjudicated by the MSJ are IP claims, specifically trademark claims, wherein Defendants are also claiming a lack of secondary meaning. Hence, this action is exactly the type where summary judgment is not warranted as a matter of law.

**B. The Non-Disclosure Agreement Is Not A Restraint on Competition And Is Not Subject To The Statute Of Frauds**

Defendants argue that the non-disclosure agreement made part of the trade secret and fraud causes of action is invalid as an illegal restraint on trade and because

it is the type of agreement subject to the statute of frauds. Both positions have no basis in law or fact in this case.

California's Business and Professions Code voids any contract which restrains anyone from engaging in a lawful profession, trade, or business. Cal. B&P Code §16600. This statute is inapplicable here because the non-disclosure agreement between Yasha and Arash was not a non-compete; it was a confidentiality agreement; Yasha was not attempting to preclude Arash from the industry (See Declaration of Yasha Asadpoor "Dec. of Yasha"). Therefore, Section 16600 does not apply here and Defendants' argument fails.

Similarly, Defendants' statute of frauds argument also fails. Defendants claim that the non-disclosure between Yasha and Arash is subject to the statute of frauds

Dated: November 8, 2021        By:     */s/Drew H. Sherman*
                                       Drew H. Sherman, Esq.
                                       *Attorneys for Plaintiff*
                                       *Boost Beauty, LLC*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

VERIFICATION

2389.201

**PROOF OF SERVICE**

I am over eighteen (18) years of age, employed in the County of Los Angeles, and not a party to this action. My business address is 444 South Flower Street, Suite 3100, Los Angeles, California 90071. I hereby certify that on January 17, 2022, I served the following documents:

**PLAINTIFF BOOST BEAUTY, LLC's RESPONSES TO DEFENDANT WOO SIGNATURES, LLC'S REQUEST FOR PRODUCTION, SET FOUR**

By delivering the document(s) to:

Peter R. Afrasiabi
pafrasiabi@onellp.com
**ONE LLP**
4000 MacArthur Blvd.
East Tower, Suite 500
Newport Beach, CA 92660

☑ BY MAIL. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice, mail would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing shown on this Proof of Service.

I declare, under penalty of perjury under the laws of the United States, that the foregoing is true and correct.

Executed January 17, 2022 at Los Angeles, California.

          /s/Drew H. Sherman
          Drew H. Sherman

2389.201